(114 N. W. 962.)

———————

HARRY D. RUETTELL AND W. C. TUBBS, CO-PARTNERS UNDER THE FIRM NAME AND STYLE OF HARRY D. RUETTELL AND CO., AND INDIVIDUALLY, v. THE GREENWICH INSURANCE COMPANY, A CORPORATION, AND COMMERCIAL UNION ASSURANCE COMPANY, LIMITED, OF LONDON.

Opinion filed Nov. 13, 1907.

**Appeal — Review — Findings.**

    1. The findings of the trial court in an action at law where a jury trial has been waived are presumptively correct, and will not be disturbed unless shown to be clearly against the preponderance of the evidence.

**Corporations — Transfer of Partnership Property.**

2. The mere organization of a corporation with a view of taking over the business and property of a copartnership does not of itself transfer the title of the partnership property to the. corporation.

**Same — Evidence.**

3. Evidence considered, and *held* not to show a transfer of the title to partnership property to a corporation formed for that purpose.

Appeal from District Court, Cass county; *Pollock, J.*

Action by Harry D. Ruettell and William C. Tubbs, partners under the name of Harry D. Ruettell & Co., against the Greenwich Insurance Company. Judgment for plaintiffs, and defendant appeals.

Affirmed.

*Charles F. Templeton* and *Scott Rex,* for appellant.

Issue of stock not essential to corporate organization. Singer Mfg. Co. v. Peck, 67 N. W. 947.

A corporation is a distinct person, and its property is vested in it, not its stockholders. Peabody v. Flint, 6 Allen, 52, 55; De La Vergne Refrigerating Machine Co. v. German Savings Institution, et al., 175 U. S. 38, 44 L. Ed. 65.

Title to property having vested in the corporation prior to the fire, plaintiffs cannot recover. Section 5905, Rev. Codes 1905; May on Insurance, section 264; Joyce on Insurance, sections 901 and 2521.

Change in the title, possession or interest in the subject of insurance voids the policy. Tierney v. Ins. Co., 4 N. D. 565, 62 N. W. 642; Northam v. Duchess Co. Insurance Co., 59 N. E. 912; Moore v. Hanover Fire Ins. Co., 36 N. E. 191; Oswald v. Moran, 8 N. D. 111, 77 N. W. 281; Willis v. Trust Co., 169 U. S. 295, 42 L. Ed. 752; Home Ins. Co. v. Collins, 85 N. W. 54; Hathaway v. Ins. Co., 20 N. W. 164; Oakes v. Ins. Co., 131 Mass. 164; Brown v. Ins. Co., 156 Mass. 587; Langdon v. Ins. Co., 22 Minn. 193; Gibbs v. Ins. Co., 61 N. W. 137; Walton v. Ins. Co., 22 N. E. 443; Chulck v. U. S. Fire Ins. Co., 30 Pa. Sup. Ct. 435; Cooley's Briefs on Insurance, Vol. 2, p. 1714.

*Robert M. Pollock, S. G. More, L. L. Twichell,* for respondents.

Mere contract of sale and future delivery is not a breach of condition of the policy. Browning v. Home Insurance Co., 71 N. Y. 508; Kempton v. State Ins. Co., 17 N. W. 194; Grabel v. German Ins. Co., 49 N. W. 713.

Findings will not be disturbed unless against preponderance of testimony. Jasper v. Hazen, 4 N. D. 1, 58 N. W. 454; Paulson & Co. v. Ward, 4 N. D. 100, 58 N. W. 792.

MORGAN, C. J. Plaintiffs recovered a judgment against the defendant on a policy of insurance against loss by fire. A jury was waived, and the findings of fact are attacked as being against the preponderance of the evidence. A motion for a new trial was made on the sole ground that the findings of fact are not sustained by the evidence, and the motion was denied. The appeal, therefore, presents but one question—that of sufficiency of the evidence to support the findings and to warrant a recovery.

The facts are substantially the following: The policy of insurance on which recovery is sought was issued on December 24, 1903. On this day the plaintiffs were a copartnership and the owners of the stock of goods covered by the policy. The stock of goods was destroyed by fire on August 1, 1904. It is a disputed question whether the plaintiffs were the owners of the stock of store goods on said August 1st. The appellants claim that the property was then owned by a corporation known as the "H. D. Ruettell Company," to which was issued a certificate of incorporation by the Secretary of State of North Dakota on June 16, 1904. The copartnership was composed of Harry D. Ruettell and William C. Tubbs. These two persons and C. F. Ruettell executed the articles of incorporation on which a certificate of incorporation was issued on June 16th. The capital stock of the corporation was $50,000. Whether any stock was issued seems to be a matter of dispute, but that no stock had been delivered before the fire seems to be established, notwithstanding contradictory statements in the record. Policies issued prior to June 16, 1904, were issued in the name of the partnership. After that date, all policies were issued in the name of the corporation, on the request of H. D. Ruettell, an officer of the corporation. In this case proofs of loss were waived, but proofs of loss under other policies were made by H. D. Ruettell, in which he stated under oath that the property destroyed was owned by the corporation. There is a conflict in the evidence arising, through

contradictory statements of witnesses, whether a transfer of the assets and property of the copartnership had been made and delivered to the corporation when the fire occurred. The members of the partnership, Ruettell and Tubbs, make these contradictory statements in giving their evidence on this question. But, when asked as to such statements, they explained them, and each stated positively that no transfer, bill of sale, or change of ownership or possession had then been made. It was because of the organization of the corporation and assuming the corporate name, in contemplation of an immediate transfer, that the contradictory statements seems to have been made. One Mason, a disinterested witness, drew up the incorporation papers and other papers in connection with the change from a partnership to a corporation, and all papers were left in his possession until some time in September. From his testimony it is quite clear that no formal transfer of the assets had been completed when the fire occurred. Some delay in consummating the transfer was occasioned by failure to agree upon the terms upon which C. F. Ruettell and H. D. Ruettell were to receive stock in the corporation, and a formal transfer was not made until after the fire. It fairly appears that no stock had been delivered to any members of the corporation before the fire, and no payments were made by any one in contemplation of receiving stock later on. The mere organization of the corporation did not vest title to the partnership property in it. Some action was necessary on the part of the partners in divesting themselves of title and on behalf of the corporation in receiving title. The most that can be gathered from the evidence as to transfer is that one was contemplated. If a transfer has been shown, it is only from statements of the partners and a transfer cannot be inferred from them in view of explanations subsequently made. If a transfer had not been actually completed, when the fire occurred, the legal title remained in the partnership and had not vested in the corporation. The policy contained a stipulation that it would become void "if any change other than by the death of the assured takes place in the interest, title or possession of the subject of insurance * * * whether by legal process or judgment or by voluntary act of the insured, or otherwise." It is this clause of the policy that the defendant relies on to defeat a recovery. The defendant relies upon the admissions of the partners in conversations, in letters, in documents, affidavits, and other papers to show that the corporation

owned the property lost by fire, which admissions were made after June 16th until after the fire. After a careful examination of all of the evidence in connection with the findings of the trial court, we are satisfied that the property was owned by the partnership when the fire occurred. The admissions to the contrary seem to us to have been satisfactorily explained by the persons making them while on the witness stand at the trial. This appeal presents a case where this court should give controlling effect to the findings of the trial court, who saw the witnesses and had an advantage not possessed by this court of observing their appearance and manner, and therefrom determining whether the explanations of the discrediting statements were given with candor or not. The weight to be given to the trial court's findings when that court is clothed with the same functions as a jury in determining questions of fact has often been before this court, and the following rule was laid down in an early case and adopted in later decisions: "Rather it intended, and such, we think, is the effect of the Wisconsin decisions, that, when a finding of fact made by the trial court was brought into this court for review upon proper exceptions, it should come like a legal conclusion, with all the presumptions in favor of its correctness, and with the burden resting upon the party alleging error of demonstrating the existence of such error. He must be able to show this court that such finding is against the perponderance of the testimony, and, where the finding is based on parol evidence, it will not be disturbed unless clearly and unquestionably opposed to the preponderance of the testimony." Jasper v. Hazen, 4 N. D. 1, 58 N. W. 454, 23 L. R. A. 58; Dowagiac Mfg. Co. v. Hellekson, 13 N. D. 257, 100 N. W. 717.

Upon the vital issue whether there had been a transfer of title or possession, all the interested parties testify with positiveness that no transfer was made. There is no evidence that a transfer was actually consummated. The effects of the statements and acts that seemed to indicate a transfer must yield in view of the absence of any showing of actual transfer, and in view of the explanations and the positive finding of the trial court that no transfer had been made when the fire occurred, and that the plaintiffs then had the title and interest and ownership of the property. The record presents a case where it was particularly a question for the trial court to determine the credibilty of the witnesses. That was the only question involved. If the witnesses are to be believed,

the evidence amply supports the contention that plaintiffs were the owners of the goods when the fire took place. If the record contained independent proof of transfer, the question would be different. But, the witnesses' credibility only being involved, the findings must be deemed conclusive in this case; the trial court having found them worthy of belief when the case was tried and again on the motion for a new trial. The findings of the trial court were not against the weight of the evidence on the issue as to whether there had been a transfer.

It follows that the judgment must be affirmed. All concur. (113 N. W. 1029.)