*In re* JOHN W. HALL, *et al.* Petitioners.

JUNE 5, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Partnership. Capital. Dissolution. Profits. Depreciation of Capital.*
A. and B. were co-partners a provision of their articles of agreement as to

dissolution being as follows:—"After all the affairs of the copartnership are adjusted and its debts paid off and discharged, then all the stock and stocks as well as the gains and increase thereof which shall appear to be remaining, either in money, goods, wares, fixtures, debts or otherwise, shall be divided equally between the parties."

A. contributed $500 as his share of the capital and B. contributed certain apparatus. The firm was also indebted to A. for money loaned.

Upon the question of the distribution of the assets in dissolution;—

*Held,* that there being no indebtedness to creditors of the firm, the money loaned by A. should first be repaid and then the amount of capital contributed by A. and B., should be adjusted and paid, before any division of profits should be made.

*Held,* further that the depreciation caused by the use of the apparatus contributed by B. should be borne by the firm, and having been ascertained the amount found to be due should be repaid him, each partner contributing one-half.

*Held,* further that if the capital contributed by A. had also suffered a loss, that should be ascertained as well and repaid in the same manner, and thereafter a division of the profits should be made in the proportion provided by the agreement.

CASE stated for opinion, under Gen. Laws, 1909, cap. 289, § 20.

DUBOIS, C. J. This is a petition in equity for an opinion, brought under the provisions of Gen. Laws, 1909, cap. 289, § 20, and reads as follows:

" *To the Honorable the Supreme Court.*

"Respectfully represent John W. Hall, of Phenix in the town of Warwick, county of Kent, State of Rhode Island, and Frank G. Smith of Phenix, in the town of Warwick, county of Kent, State of Rhode Island, and show to the Court the following facts:

"That your petitioners are copartners doing business in Warwick under the name and style of Frank G. Smith Forestry Company, and that their copartnership affairs are now in the process of liquidation; that your petitioners have adversary interests in certain questions which have arisen upon the construction of their contract of copartnership, and they concur in stating such questions in the form of a special case for the opinion of this Honorable Court.

"To the end that the Court may have all the facts set forth, it is agreed as follows:

"First. That John W. Hall and Frank G. Smith, both of Warwick, entered into a contract of copartnership in writing for a period of six months for the purpose of carrying on the business of spraying, trimming, and treating of trees, a copy of said contract of copartnership being hereto annexed and marked Exhibit A. and made a part of this bill.

"Second. That said contract of copartnership was dissolved by mutual consent of both parties before its expiration, and notice of such dissolution duly given according to law.

"Third. That there are no debts owing by said copartnership.

"Fourth. That said John W. Hall, from time to time, during the continuance of said copartnership, made certain loans of money to said copartnership, which have been repaid to said Hall with the exception of $26.40.

"Fifth. That said John W. Hall, at the inception of said contract of copartnership contributed capital in the sum of $500, as set forth in the third clause of the contract of copartnership, and that Frank G. Smith contributed part of the apparatus to be used in said business, which consist of a spraying pump, hose, one extension ladder, and five saws; that in the course of the settlement of their copartnership affairs, certain questions have arisen concerning the capital of said copartnership, namely, whether the full amount of capital contributed by said John W. Hall should be returned to him before a division of profits occurs, or whether the said Hall should divide said capital with said Frank G. Smith, and whether the money advanced by the said Hall to said copartnership for copartnership purposes should be repaid to him before there can be a division of property.

"Upon the questions hereinbefore mentioned, your petitioners pray for an opinion of Your Honors upon the true construction of their said contract of copartnership, and for the opinion and advice of Your Honors as to their respective rights

in and to the capital mentioned in said contract of copartnership, and what are the respective rights of the respective parties, and for such other and further relief as to Your Honors shall seem meet.

FRANK G. SMITH
JOHN W. HALL.

QUINN & KERNAN
Att'ys for Frank G. Smith
    FRANK M. WILCOX
Att'y for John W. Hall.

## "ARTICLES OF COPARTNERSHIP.

"Made and entered into this 28th day of March, A. D. 1910, between Frank G. Smith, of the town of Warwick in the County of Kent and State of Rhode Island, and John W. Hall, of said Warwick.

"WITNESSETH: that the said parties hereto, having mutual confidence in each other, do hereby form with each other a copartnership agreement on the terms and conditions following, that is to say:

"FIRST: The copartnership shall be for the carrying on of the business of spraying, trimming and treating of trees and to commence on the 28th day of March, A. D. 1910, and to continue six months, determining on September 28th, 1910.

"SECOND: The said copartnership shall be conducted and carried on under the copartnership name, style and firm of The F. G. Smith Forestry Company, and the place of business shall be at the Hoxie Block in the village of Phenix in said Warwick or at such other place or places as the partners shall hereafter determine.

"THIRD: The capital of said copartnership shall consist of the sum of five hundred dollars to be contributed by said John W. Hall and the apparatus to be used in said business now owned by said Frank G. Smith and to be contributed by him, the same, together with all the income and profits arising from the employment thereof, with the exception of what each is entitled to draw out as hereinafter mentioned, shall become and

constitute a permanent fund for copartnership purposes. But each party is entitled to draw out from the profits of the said business (for his own separate account) as follows: Frank G. Smith, Twenty Dollars ($20.00) per week, John W. Hall Fifteen Dollars ($15.00) per week, while the said copartnership continues, but with the condition that all such sums in the aggregate for the term shall not exceed his share of the profits of the said copartnership, and if he do, he shall repay the same at the close of the term; the agreement being that each copartner shall share equally in all the profits and losses that may arise out of, or occur in, the prosecution of the said copartnership operations, with the exception that the additional five dollars ($5.00) per week to be drawn out by said Frank G. Smith shall not be charged up against his share of the said profits but shall be considered as additional compensation for his experience.

"FOURTH: That each of the parties hereto shall diligently employ himself in the business of the said copartnership, and be faithful to the other in all transactions relating to the same, and give whenever required, a true account of all business transactions arising out of, or connected with, the conducting of the copartnership, and that neither of the parties shall engage in any business except that of the said copartnership or upon account thereof, and that neither shall without the written consent of the other, employ either the capital or credit of the copartnership in any other than the copartnership business.

"It being understood and agreed that the said John W. Hall shall have the charge of the office and shall keep the books of said partnership, that he, the said John W. Hall shall have exclusive charge of all the financial details of said copartnership, including the receiving and collecting of all monies due said copartnership and the paying of all monies due to any person or persons, corporation or corporations, from said copartnership, whether in the general conduct of said business or otherwise, and said Frank G. Smith shall have the actual outside working management of said copartnership business, but in no instance shall the said Frank G. Smith receive, collect, handle, or pay out any monies due to said copartnership.

"FIFTH. That books of account shall be kept by said partners, and entries made therein of all moneys, goods, effects, debts, sales, purchases, receipts, payments, and all other transactions of the said partnership; and that said books of account, together with all bonds, notes, bills, assurances, letters, and other writings belonging to the said partnership, shall be kept where the business of the copartnership shall be carried on and shall be at all times open to the examination of each copartner, said books to be kept in the exclusive custody of the said John W. Hall, and all partnership monies received from any and all sources shall be deposited by the said John W. Hall in the name of the F. G. Smith Forestry Co. in the————————————— bank of——————————————and shall be withdrawn therefrom only by check drawn and signed by said John W. Hall.

"SIXTH. Neither one of the partners during the continuance of this copartnership, shall assume any liability for another or others by means of endorsement or of becoming guarantor or surety, without first obtaining the consent of the other thereto in writing.

"SEVENTH. At the expiration of each and every month from the commencement of this copartnership, or oftener upon request in writing by one copartner to the other, an account of stock, effects, credits, debts, and all copartnership transactions shall be taken, and the true condition of the partnership, as far as possible, arrived at, and each partner agrees to lend his aid and services the more completely to effect this object. And in case of the determination of this copartnership from whatever cause, the parties hereto agree to and with each other, that they will make a true, just and final account of all things relating to their said business, and in all things truly adjust the same. And after all the affairs of the copartnership are adjusted, and its debts paid off and discharged then all the stock and stocks, as well as the gains and increase thereof, which shall appear to be remaining, either in money, goods, wares, fixtures, debts or otherwise, shall be divided equally between the parties hereto.

"EIGHTH. It is hereby understood and agreed that upon the 1st day of July, 1910, if the books of the said copartnership disclose a balance of funds over and above all outstanding claims, the accrued profits of said business as shall appear by the books shall be equally divided between said parties and withdrawn from said business, leaving, however, the original capital intact.

"In Testimony whereof, the parties to these presents have hereunto set their hands and seals the day and year first above written.

In presence of
William R. Champlin.

FRANK G. SMITH    (L. S.)
JOHN W. HALL      (L. S.)

(1)    The case above stated comes within the general rule governing the repayment of capital in copartnerships at the termination thereof: "The capital furnished by any party is, in the absence of agreement to the contrary, a debt owing by the firm to the contributing partner; and accordingly it is to be repaid to him, if the firm assets are sufficient, after paying the firm's liabilities to outsiders and to the partners for advances or loans, to repay the entire capital; and if insufficient, then his ratable proportion is to be repaid." 30 Cyc. 691–2 and cases cited. It appears from the case stated that with the exception of the amounts due to the members of the firm "there are no debts owing by said copartnership." It also appears that the firm is indebted to said Hall in the sum of $26.40 for money loaned. Therefore the total indebtedness of the copartnership appears to be: $26.40 to said Hall, the amount of capital contributed by said Hall, and the amount of capital contributed by said Smith, which must be adjusted, paid off and discharged before any division can be made, under the provisions of the seventh clause of the articles of copartnership: "After all the affairs of the copartnership are adjusted, and its debts paid off and discharged, then all the stock and stocks, as well as the gains and increase thereof, which shall appear to be remaining,

either in money, goods, wares, fixtures, debts or otherwise, shall be divided equally between the parties hereto." As the capital contributed by said Smith consisted of apparatus to be used in the business, it is manifest that it would be inequitable to return the same to him in its worn out or damaged condition, without compensation for the wear and tear or loss incident to its use by the firm. The depreciation caused by its use should be borne by the firm. Such depreciation, loss, or wear and tear constitutes a loss of capital. As was said by Gray, C. J., in *Whitcomb* v. *Converse*, 119 Mass. 38, 43: "Whether a loss of capital is a partnership loss, to be borne by all the parties, depends upon the nature and extent of the contract of partnership. If, as is not unfrequently the case in a partnership for a single adventure, the mere use of the capital is contributed by one partner, and the partnership is in the profits and losses only, the capital remains the property of the individual partner to whom it originally belonged, any loss or destruction of it falls upon him as the owner, and, as it never becomes the property of the partnership, the partnership owes him nothing in consideration thereof. Story Part. §§ 27, 29. *Heran* v. *Hall*, 1 B. Mon. 159. But where, as is usual in an ordinary mercantile partnership, a partnership is created not merely in profits and losses, but in the property itself, the property is transferred from the original owners to the partnership, and becomes the joint property of the latter; a corresponding obligation arises on the part of the partnership to pay the value thereof to the individuals who originally contributed it; such payment cannot indeed be demanded during the continuance of the partnership, nor are the contributors, in the absence of agreement or usage, entitled to interest; but if the assets of the partnership, upon a final settlement, are insufficient to satisfy this obligation, all the partners must bear it in the same proportion as other debts of the partnership. *Julio* v. *Ingalls*, 1 Allen, 41. *Bradbury* v. *Smith*, 21 Maine, 117. *Barfield* v. *Loughborough*, L. R. 8 Ch. 1. *In re Anglesea Colliery Co.* L. R. 2 Eq. 379, 387; S. C. L. R. 1 Ch. 555. *Nowell* v. *Nowell*, L. R. 7 Eq. 538. *In re Hodges' Distillery Co.* L. R. 6 Ch. 51, 56. 1 Lindl. Part. (3d ed.) 696, 827, 828."

"If the assets of the firm are insufficient to pay the debts, including its debts to the partners for their contributions of capital, the losses thus ascertained are to be borne by the partners in the proportion in which they are entitled to share profits, unless by the agreement of the parties, losses are to be apportioned in a different manner." 30 Cyc. 690 and cases cited. In the case stated, profits and losses were to be equally divided between the partners. Therefore in the present case to properly adjust the affairs of the copartnership, the sum of $26.40 should first be paid to said Hall. The loss upon the capital furnished by said Smith should be ascertained and the amount thereon found to be due should be repaid to said Smith, each partner contributing one-half. If the capital contributed by said Hall has sustained a loss that should be ascertained and repaid to him by the partners, each contributing one-half part thereof. And if afterwards there remains any property or profits, enumerated in the articles of copartnership, to be divided, the same should be equally divided between said parties.

*Frank M. Wilcox,* for John W. Hall.
*Quinn & Kernan,* for Frank G. Smith.