## W. O. SHIRLEY, Respondent, v. A. C. STRAUB, et al. Respondents, H. P. JORGENSON, Appellant.

(198 N. W. 675.)

**Appeal and error — where organization treated as partnership at trial, it will be assumed such on appeal.**

1. Where all the parties, including the trial court, treated an organization as a partnership, it will, for the purposes of the appeal, be assumed that such organization was a partnership.

---

Note.—(2, 7,) Enforcement of agreement between partners to contribute to capital stock, see 20 R. C. L. 929, 930; 4 R. C. L. Supp. 1390.

(6) Intention accepted test as to existence of partnership, see 20 R. C. L. 831; 3 R. C. L. Supp. 1104; 4 R. C. L. Supp. 1379; 5 R. C. L. Supp. 1127.

**Partnership — denial of partner's hearing on petition for contribution for loss of capital held erroneous.**

2. Where a receiver has been appointed for a partnership in a proceeding for an accounting and a dissolution of the firm, and where a member of the partnership in the receivership action files a petition asking that members of the firm be required to contribute among themselves, on account of losses of capital, it is held, for reasons stated in the opinion, that it is error to deny the petitioner a hearing thereon.

**Judgment — nonmembership in partnership held res judicata in subsequent action for contribution to partnership losses.**

3. For reasons stated in the opinion, it is held, that the judgment of the trial court in independent actions brought by certain respondents against the receiver of the Lake Region Oil Company, in which it was decreed that such respondents did not become members of the company or partnership, is res adjudicata as to such respondents.

**Partnership — shares of partners in profits or losses equal notwithstanding contributions of capital, in absence of specific agreement.**

4. In the absence of an agreement on the subject, the shares of the partners in the profits or losses are equal, though the contributions of capital may have been unequal.

**Partnership — scope of accounting and receivership stated.**

5. A decree of accounting in a receivership action should apportion the losses, if any, and should determine what, if any, one partner should pay to the other in order that all cross claims may be fully settled. The court may, in its final decree in the receivership action, determine the rights and liabilities of the partners among themselves, and in a proper case the decree may include an adjudication that a balance is due from one partner to another.

**Partnership — intention of parties governs.**

6. Whether the members of the original association were partners is to be determined from the intention of the parties, as expressed in the partnership agreement or gathered from the acts and circumstances. Whether the association was in fact a partnership is not decided, for reasons stated in the opinion.

**Partnership — partner failing to contribute proportionate may be required to contribute for loss of capital.**

7. When parties enter into a partnership agreement, they agree to put, at the risk of profit or loss, money as capital. If, in the enterprise, capital be lost or absorbed by debts, the partner who failed to comply with his engagement and has brought in nothing may be required, in a proper case, to contribute the proportionate share he agreed to furnish, or share equally with the other partners in the loss of the capital.

Opinion filed April 12, 1924.

Appeal and Error, 3 C. J. § 618 p. 718 n. 50.   Judgments, 34 C. J. § 1424 p. 1004 n. 60.   Partnership, 30 Cyc. pp. 360 n. 64; 451 n. 63; 452 n. 64, 65; 727 n. 8; 731 n. 34; 739 n. 90, 93; 740 n. 96, 1; 748 n. 62.

Appeal from the District Court of Ramsey County, North Dakota, *Buttz, J.*

Reversed in part; affirmed in part.

*Flynn, Traynor & Traynor,* for appellant.

*Cuthbert & Adamson,* for respondents, Chas. Demars, Jos. Demars, W. E. Schnetter, R. C. McKay, John D. Harris and J. M. Killelea.

*W. M. Anderson* and *Chas. Houska,* for other respondents.

JOHNSON, J.   This is an appeal from an order of the district court of Ramsey county, dated March 20, 1923, dismissing the petition of the defendant and appellant, Jorgenson, asking that the receiver of the Lake Region Oil Company, a copartnership, of which the petitioner was a member, be directed to require the codefendants of this appellant and other members of the copartnership to contribute to losses sustained and further asking for an accounting of the partnership affairs and a winding up of the partnership.

The facts are as follows: Sometime during the year 1920, one Mitchell, a resident of Oklahoma, came to Devils Lake, North Dakota, and represented that he was the owner of a lease covering oil bearing land in that state.   It appears that he succeeded in persuading a large number of persons, mostly farmers, to subscribe for shares in a concern to be organized for the purpose of exploiting these oil interests.   A form of certificate was issued by him but the "company" was not organized as a corporation.   It was known as the Lake Region Oil Company. Some of the subscribers paid their subscriptions in cash, while others gave notes or paid part cash and gave notes for the balance.   The promoter collected $73,575 in cash and promissory notes amounting to $147,825.   The defendant and appellant, Jorgenson, contributed $5,000 in cash.   In February, 1921, the amount paid in cash had all disappeared, when application was made to the district court of Ramsey county for the appointment of a receiver.   In the complaint it was alleged that the company formed was "in fact a partnership."   Many of the notes given by members to the partnership were outstanding and uncollected, some, it seems, had been returned and perhaps some were in

litigation or, at least, became subjects of litigation shortly after the re-ceivership proceedings were instituted. The plaintiff in the receiver-ship action asked for an accounting among the members of the associa-tion and for the dissolution thereof, and, on the 14th of February, 1921, one Ziebach was appointed temporary receiver. It does not ap-pear that a hearing was ever had upon the order to show cause why such receivership should not be made permanent and the person appointed has since been acting as receiver without objection. The receiver was in active charge until the 27th of January, 1922, when the defendant and appellant, Jorgenson, filed his petition asking that a call be made for contribution upon the other members of the partnership towards the losses sustained and praying that the receiver be directed to make an assessment upon the members of the association who have not paid their notes and to require such members to contribute cash to meet the losses sustained by the association so that contribution may be made to the petitioner and to all other members of the association similarly situ-ated who have paid in cash for their subscriptions to the capital of the copartnership, and further asking that a full accounting be had thereof before the receiver is discharged or released and that upon such final accounting a contribution be ordered and a judgment of dissolution be entered herein and for such other and further relief as may be neces-sary to accomplish justice between the parties. An order to show cause was issued upon this petition and made returnable on February 15, 1922. On the return day, no testimony was taken, but affidavits were filed by several respondents, including the receiver, resisting the peti-tion and motions were made by counsel representing the receiver and other defendants for a dismissal of the petition. This motion was granted and the order made, from which this appeal is prosecuted.

During the month of May, 1921, judgments were entered in actions commenced by several individuals against the receiver and others, some of whom apparently had had some relations with the original associa-tion or copartnership, for the recovery of the possession or the cancel-lation of the notes given when they subscribed to the stock in the asso-ciation at the instance of Mitchell, the promoter. In the judgments entered in these cases, to which the defendant Jorgenson was not a party, it is decreed, in substance, that the defendant banks have no interest in or right to the notes in suit; that the Lake Region Oil Com-

pany and the receiver have no title or interest in the notes; that the plaintiffs did not become members of the Lake Region Oil Company; that the plaintiffs are entitled to have the notes cancelled and that the notes be cancelled accordingly. The plaintiffs in these actions appeared by their counsel, Adamson & Thompson, on the return day, February 15, 1922, and moved for a dismissal of the petition of the appellant Jorgenson, on the ground that the matter was res adjudicata because of the judgment entered, heretofore referred to, and upon other grounds. The other respondents and former members of the Lake Region Oil Company, an unincorporated association, made their motions to dismiss upon the ground that Jorgenson had consented to the organization of a corporation, to be known as the Lake Region Oil Company, to be organized under the laws of the state of North Dakota and that he had agreed to take stock therein in lieu of his shares or interest in the voluntary association or partnership and to accept an equivalent amount of stock from the corporation to be organized and which was, in fact, organized. The motion to dismiss was supported by affidavits of persons, the majority of whom had signed the agreement to return notes and exchange shares heretofore referred to, in which it was recited, in substance, that they were stockholders in the Lake Region Oil Company, a copartnership, and also in the Lake Region Oil Company, a corporation, and familiar with the facts; that Jorgenson was present and participated in the various meetings of the members of the copartnership and of the corporation; that Jorgenson was present at a meeting of the members of the partnership when the proposition of exchanging or surrendering the interest of the members in the partnership for interest in a corporation of the same name, to be organized in furtherance of a scheme to purchase an oil interest of some sort from the Caler Oil Company, was considered; that at that meeting Jorgenson either remained silent or, according to some of the affiants, expressly stated that he wanted the proposition to go through and that fifty shares in the new corporation of stock were ultimately issued to Jorgenson, altho he never accepted the same. The attorney for the receiver also filed an affidavit of somewhat similar import.

The respondents claim that the appellant, Jorgenson, is estopped from now asking for an accounting or from questioning in any way the action taken when the members of the partnership agreed to exchange

their interest for stock in the new corporation. In support of that contention, and as a part of the showing made on the return day, a copy of the contract entered into by certain members of the partnership is attached. While Jorgenson's name is not signed to that agreement, it is claimed that he assented thereto, or, at least, because of failure to protest and by silent acquiescence, he is now estopped from questioning anything that was done. The agreement set forth is important, and, in substance, recites that whereas each of the undersigned has given his promissory note in the amount indicated to the Lake Region Oil Company, a copartnership, and whereas a corporation has been organized and is existing under the laws of the state of North Dakota by the same name, and whereas said corporation is negotiating with the Caler Oil & Gas Company, a Colorado concern, to the end that the corporation will pay the said Caler Oil Company $10,000 for $10,000 worth of stock in the latter, and for the further consideration of an assignment by the Caler Oil Company of certain oil and gas leases to the Lake Region Oil Company, therefore, in order to enable the Lake Region Oil Company to complete the negotiations aforesaid and "on the condition that each of the undersigned is returned his aforesaid promissory note or notes now held or owned by the Lake Region Oil Company, a copartnership, (each of the undersigned) hereby subscribes to the Lake Region Oil Company, a corporation, the amount set in the second column, opposite his signature hereto, and tenders his promissory note in writing, covering such amount to the Lake Region Oil Company, aforesaid, a corporation." Then follow the signatures of about twenty members of the copartnership, stating opposite each name the amount of the note originally given to the partnership and to be returned under this arrangement, together with the amount of the new note to be given to the new corporation.

The original action in which this petition is filed, asking for the appointment of a receiver, was also an action for an accounting among the members of the association or copartnership and for a dissolution thereof, with the usual prayer for such further relief as the court might deem proper in the premises.

It is in effect the position of the appellant, Jorgenson, that the Lake Region Oil Company was a partnership; that he contributed cash and that his copartners gave their promissory notes, all of which notes were

assets of the partnership, to be used as capital in the promotion of the business for which it was organized, namely, the development of oil leases; that in the promotion of the scheme, a large sum of money, in fact all the cash capital, was lost; that the signers of the notes have not paid the same and have, therefore, contributed nothing to the capital of the firm; that, under the laws of this state, partners share equally in the profits and must bear the losses in equal proportions; and that the trial court should have given the petitioner an opportunity to produce evidence and to bring witnesses into court under oath and subject to cross examination for the purpose of determining (a) whether there was, in fact, a partnership; (b) the amount of capital the partners agreed to contribute under the partnership agreement; (c) the amount of capital each partner did in fact contribute; (d) the loss sustained by the partnership; (e) the contribution, if any, that should be made by partners who gave notes to those who paid cash, like the appellant, and others similarly situated with him. The trial court made its order apparently upon the affidavits, the contents of which have been heretofore summarized, declined to hear further testimony or to examine witnesses further in the matter, or to direct the receiver to require a contribution among the partners.

It is contended by counsel for the respondent that the Lake Region Oil Company was not in fact a partnership, but a sort of a trust arrangement. It is evident, however, that, in the trial court, in all the proceedings had up to the time when the order appealed from was made, the Lake Region Oil Company was considered by everybody as a partnership. In the original complaint, signed by Messrs. Adamson & Thompson, the concern is alleged to be a partnership. The plaintiff therein is one of the respondents here; in the motion to dismiss, made by Mr. Anderson, one of the counsel for the respondents on this appeal, he specifically refers to the concern as a partnership; in the agreement to subscribe to notes in behalf of the new corporation, heretofore summarized, the original concern is described as a copartnership and this is signed by a large number of members who are defendants in the receivership action and respondents here; and in the order of the trial court, from which this appeal is taken, the original organization is described as a copartnership. Moreover, the general rule is that a receiver will not be appointed by the court when the existence of the

partnership is denied, unless the court be satisfied that a partnership exists in fact. 30 Cyc. 726; High, Receivers, § 476. On this appeal, therefore, we must assume that the original Lake Region Oil Co. was a partnership. That was the theory of the trial court and all the parties seem to have acquiesced therein.

It appears that in independent actions instituted separately by Charles Demars, W. E. Schnetter, J. M. Killalea, Joseph and Emma Ryan, J. N. Demars, John D. Harris, and Robert McKay against C. M. Ziebach, as receiver of the Lake Region Oil Company, et als., separate judgments were entered in favor of each of such plaintiffs, in which it was decreed, among other things, except in the action in which Charles Demars was plaintiff, that the plaintiffs named never became members of the Lake Region Oil Company. Manifestly, if these parties, who are also defendants in the receivership action and respondents herein, never became members of the partnership, there is no liability on their part to contribute on account of loss of capital of such concern. We think that as against these respondents, except Charles Demars, plaintiffs in the judgments referred to, the matter in res adjudicata and as to them the judgment of the trial court dismissing the petition must be affirmed. The receiver represents the members of the Lake Region Oil Company, and the adjudication is binding upon them. See Painter v. Painter, 138 Cal. 231, 94 Am. St. Rep. 47, 71 Pac. 90. The court was asked by the parties to this appeal to take judicial notice of the files and records in those actions and we must assume, since such files are not here, that the trial court found that the question of the membership of the plaintiffs therein was in fact involved and that the determination of the trial court in that regard is correct. The pleadings in those actions are not before us, the certified copies of the judgments are included in the judgment roll on this appeal.

It seems that a decree of accounting in a receivership action should apportion the losses and determine what, if anything, one partner should pay to the other, in order that all cross claims be fully settled. 30 Cyc. 739, 740. The court may, in its final decree in the receivership action, determine the rights and liabilities of the partners among themselves; 30 Cyc. 731; and the final judgment "may and often does

include an adjudication that a balance is due from one or more partners to another." 30 Cyc. 747, 748.

In the absence of an agreement on the subject, the shares of the partners in the profits or losses are equal, tho the contributions of capital may have been unequal. Comp. Laws, 1913, § 6391; 22 Am. & Eng. Enc. Law, 87; Nowell v. Nowell, L. R. 7 Eq. 538; Moley v. Brine, 120 Mass. 324; Jones v. Butler, 87 N. Y. 613; Mallett v. Kellar, 181 N. Y. 543, 73 N. E. 1126, affirming 91 App. Div. 502, 86 N. Y. Supp. 917; Smiley v. Smiley, 112 Va. 490, 71 S. E. 532, Ann. Cas. 1913B, 1159. Whether the members of the original association were partners, *inter sese,* is to be determined from the intention of the parties as expressed in the partnership agreement or gathered from their acts and the circumstances. The original agreement recited in the certificate, showing the interest of the members in the association is said to be on file in Oklahoma; it is not before us and there is nothing in the record that discloses the terms of the partnership agreement. It may be that the agreement provided otherwise. We cannot tell and apparently the trial court could not determine this fact.

It is evident from the record before us that some of the partners contributed cash, all of which has been lost and that this was the capital of the firm. It is also evident that others agreed to contribute capital, giving their promissory notes for the amounts agreed to be paid. Some of the members of the partnership undertook to organize a corporation. Assuming that there was a partnership—and such was the assumption at every stage of the proceedings in the trial court—the rule seems to be that when the parties entered into the agreement of partnership the members agreed to "put at the risk of profit or loss money as capital. In such a case, where the enterprise proves a failure, and the capital is lost and absorbed by debts, it is equitable and just that the partner who failed to comply with his engagement, and has brought in nothing, should make good to his copartners the proportionate share he agreed to furnish, or in other words, should be made to share equally with them in the loss of the capital." Sangston v. Hack, 52 Md. 173, 200; Comp. Laws, 1913, § 6392; Torbe v. Strauss, 155 Wis. 518, 528, 144 N. W. 184, 1136. It has been held that the receiver of a partner-

ship may, in a proper case, bring suit to collect subscribed, but unpaid capital. Torbe v. Strauss, supra.

It is contended by the respondents on this appeal that the appellant, Jorgenson, by his own conduct, is estopped from claiming any right to contribution from his copartners, because the partnership virtually went out of existence and merged in a corporation. We cannot decide this question on this appeal. The appellant has had no hearing on the merits. Whether he has waived the right to contribution, if any ever existed, or is now estopped from asserting such right, we do not undertake to determine. Whether the original organization was in fact a partnership, a trust arrangement, or something else does not clearly appear in the record. We think the trial court erred in denying the petition of the appellant. In view of the assumption, apparently accepted by all the parties, that the original Lake Region Oil Company was a partnership, we think that the petitioner and appellant should have been permitted, in the receivership action brought confessedly for the purpose of an accounting, for a dissolution of the partnership, and a winding up of its affairs, to make whatever showing he could upon the question of his right to a contribution from his associates. We think the trial court, sitting as a court of equity, has the power in its final decree in the action to determine the rights and liabilities of the partners among themselves. Appellant claims that his associates, or some of them, are liable to him and to others similarly situated on account of failure to pay capital according to the partnership agreement. Upon this question he should have been heard.

We are of the opinion, therefore, that the trial court, before entering its final decree of accounting and dissolution in this action, should accord the petitioner, and persons similarly situated with him and all others interested, an opportunity to present evidence upon the following matters: (a) whether there was in fact a partnership; (b) if there was a partnership, what was the nature of the partnership agreement? (c) the amount of capital that each partner agreed to contribute under the partnership agreement; (d) the amount of capital each partner actually contributed; (e) the loss, if any, of partnership capital sustained by the partnership; (f) the contribution, if any, that should be made by the partners who gave promissory notes to those who paid in cash, like the petitioner and appellant and others similarly situated; (g) upon

50 N. D.—56.

such other matters pertaining to the rights and liabilities of the partners among themselves as in the discretion of the court shall seem material in order that a just decree may be made, finally and fully adjudicating upon all matters in controversy among the parties. If, in order to dispose of the matter finally other parties be necessary, the court has the power, on its own motion, to order them brought in. Comp. Laws, 1913, § 7412.

The opinion on this appeal is not intended to decide any questions of waiver or estoppel that may be raised or may properly arise at any stage of the proceedings in the trial court. Whether the appellant, Jorgenson, has, by conduct or otherwise, lost the right to assert that a partnership existed in fact; whether the respondents or any of them are estopped from denying the existence of a partnership; what effect, if any, the formation of the corporation had upon the partnership, the partnership property or the members of the original organization; (see Ruettell v. Greenwich Ins. Co. 16 N. D. 546, 549, 113 N. W. 1029) we do not attempt to decide. These are questions that must be answered by the trial court after hearing the evidence submitted by the interested parties. The court is sitting as a court of equity and has, therefore, the power to fully determine the controversy before it and to adjudge and determine finally the rights and liabilities of all the parties.

It is accordingly ordered that the case be remanded for further proceedings not inconsistent with this opinion.

BIRDZELL, NUESSLE, and CHRISTIANSON, JJ., concur.

BRONSON, Ch. J., concurs in result.