LARK EQUITY EXCHANGE, a Corporation, Appellant, v. E. E. Jones, Respondent.

(171 N. W. 863.)

**Trials — trial de novo.**

1. Where an action properly triable by a jury is tried to the court without a jury, the supreme court will not try the case *de novo*, but the findings of the trial court are presumed to be correct. Appellant has the burden of showing error, and a finding based upon parol evidence will not be disturbed by the appellate court, unless shown to be clearly opposed to the preponderance of the evidence.

**Trials — when legal liability arises.**

2. To render a person liable at law, it must be shown that he has violated some legal duty which he owed to another.

**Trials — money paid by mistake — when recoverable.**

3. To entitle a plaintiff to recover moneys paid under mistake, he must show not only that he has paid the money, but also that the action of the defendant in accepting or retaining it is inequitable and against conscience.

**Trials — corporations — recovery of dividends paid by mistake.**

4. Whether a corporation can maintain an action to recover back from a stockholder a dividend paid to him out of the capital, where the stockholder receiving the dividend acted in good faith, believing the same to be paid out of the profits made by the corporation, considered, but not decided.

Opinion filed March 15, 1919. Rehearing denied April 10, 1919.

Appeal from the District Court of Grant County, *Hanley,* J., and *Nuessle,* Special Judge.

42 N. D.—10.

Plaintiff appeals from a judgment, and from an order denying a motion for judgment or for a new trial.

*Jacobsen & Murray,* for appellant.

"Dividends can be declared only from surplus profits derived from the business." Comp. Laws 1913, § 4543; 10 Cyc. 549, and cases cited under note 38.

"In an action at law tried before a court, no motion for directed verdict is necessary in order to enable the supreme court to grant such motion." 167 N. W. 72; Comp. Laws 1913, § 7637.

*Nuchols & Kelsch,* for respondent.

"A party who has submitted his cause to trial by the court without a jury may be estopped to assign lack of waiver of his right to trial by jury as reversible error on appeal." Smith v. Junert, 17 N. D. 120; Comp. Laws 1913, §§ 7249, 7250. See also 4 C. J. 717 *et seq.*

CHRISTIANSON, Ch. J. The plaintiff corporation brought this action to recover back from the defendant the sum of $244.79, which it is alleged that the plaintiff corporation paid to the defendant as one of its stockholders as a dividend. The complaint alleges in substance that in June, 1916, the manager of the plaintiff corporation rendered a statement to its stockholders, and that the directors of the corporation relying upon the correctness of such statement, declared a dividend whereby the said sum of $244.79 was paid to the defendant as his proportionate share of the dividend so declared; that the said statement was erroneous, and that in truth and fact the defendant company had no profits whatever; that after discovering the error the directors rescinded the resolution declaring a dividend and ordered the money paid back to the corporation; and that defendant has failed and refused to do so.

The answer admits the corporate character of the plaintiff; that the defendant was and is a stockholder therein, and that he received the dividend alleged in the complaint. The answer further alleges, among other things, that the declaration of dividend was made without the knowledge of the defendant. The case was tried to the court without a jury. The trial court found that "the evidence introduced on the part of the plaintiff was such that the court is unable therefrom to determine the financial condition of the plaintiff corporation at the time the divi-

dend was declared, and as to what amount, if any, the plaintiff would be entitled to recover." Judgment was entered in favor of the defendant for a dismissal of the action. The plaintiff subsequently moved for judgment notwithstanding the decision or for a new trial upon the ground, among others, that the evidence was insufficient to justify the decision. The motion was denied. The order denying the motion recites that it is based upon the minutes of the court, exhibits, stenographic report, and all pleadings, records, and files in the case. Plaintiff has appealed from the judgment and from the order denying its motion for judgment or for a new trial.

Appellant's argument. is devoted almost entirely to the question of the sufficiency of the evidence. It is contended that the evidence shows that the plaintiff corporation in fact had no profits whatever at the time the directors voted to declare a dividend, and that their action in declaring a dividend was due to a mistake as to the amount of the assets and liabilities of the corporation.

The record shows that the only evidence adduced by the plaintiff in support of its contention that the corporation had no profits on hand at the time the dividend was declared was the testimony of an expert accountant who claimed to have made an audit of the affairs of the corporation, and ascertained its assets and liabilities. He stated that it was impossible to obtain a correct statement from the books of the corporation, and that his statement was not based upon such books alone, but also upon investigations which he had made, including, among other things, the books of a bank through which the corporation conducted some of its business. The original books, upon which the expert accountant's testimony, in part, is based, were not offered in evidence. The defendant placed upon the stand the manager of the plaintiff corporation, and his testimony in many respects was at variance with that of the expert accountant. Their estimates as to the value of certain of the assets differed; and when the evidence is considered, as a whole, it is indeed difficult to find any basis upon which any accurate deduction can be made as to the assets and liabilities of the corporation.

The case was tried before, and the findings of fact therein made by; Judge Hanley of the twelfth district. The motion for judgment or for a new trial was made before Judge Nuessle of the sixth judicial dis-

trict, who sat in the place of Judge Hanley during the latter's absence in military service. We have already quoted from the findings made by Judge Hanley. In the order denying plaintiff's motion for judgment or for a new trial, Judge Nuessle expressly found that the decision was in accord with the evidence.

The action is one properly triable to a jury. It is not triable anew in this court. The trial judge saw and heard the different witnesses. He found that the plaintiff had failed to establish the allegations of the complaint. The findings are presumed to be correct. They will not be disturbed unless shown to be clearly opposed to the preponderance of the evidence. State Bank v. Maier, 34 N. D. 259, 158 N. W. 346; Botnen v. Eckre, ante, 171 N. W. 95. The correctness of the findings was also reviewed and reaffirmed by Judge Nuessle in denying the motion for judgment or for a new trial. We are not prepared to say, upon the record before us, that there was any error committed in denying a new trial.

What has been said above is decisive of the case, and requires that the judgment be affirmed. While the point has not been made by the respondent, it seems that plaintiff's proof was also deficient in another respect. In the case at bar there is no contention that defendant was guilty of any wrong in obtaining the dividend. He was neither a director nor an officer. He was merely a stockholder. He had nothing whatever to do with the declaration of the dividend. He merely accepted the dividend when it was tendered to him. There is not even a suggestion of bad faith on the part of the defendant. It must be remembered that in order to render a person liable at law, it is necessary to show that he is a wrongdoer, *i. e.,* that he has violated some right *in rem* or some right *in personam* of the plaintiff. Holland, Jur. 5th ed. 128, 144; Markby, Elements of Law, 3d 417. See also Compiled Laws 1913, §§ 5763, 7330. It must also be remembered that, to entitle a plaintiff to recover moneys paid under mistake, he must not only prove that he has paid the money without receiving the equivalent contemplated by him, but he must also show that the defendant has acted inequitably and against conscience. Keener, Quasi Contr. pp. 43, 140. Hence the better rule seems to be that where a person in good faith receives money paid by another under mistake, notice of the mistake and demand for a return of the money is a condition precedent to

an action to recover such moneys. See Keener, Quasi Contr. pp. 139–141; 37 Cyc. 872, 873. In this case, there was no showing whatever that any notice was given to, or demand made upon, the defendant before the commencement of the instant action.

Whether an action will lie at all against a stockholder to recover a dividend paid out of the capital of a solvent stockholder, where the stockholder receives the dividend in good faith believing it to be paid out of the profits, is a question upon which the courts have differed. The supreme court of Kentucky has held that such action will lie. See Lexington Life F. & M. Ins. Co. v. Page, 17 B. Mon. 412, 66 Am. Dec. 165. But the United States Supreme Court has held that such action will not lie even on the part of the receiver of the corporation. See McDonald v. Williams, 174 U. S. 397, 43 L. ed. 1023, 19 Sup. Ct. Rep. 743. See also Great Western Min. & Mfg. Co. v. Harris, 63 C. C. A. 51, 128 Fed. 321; New Hampshire Sav. Bank v. Richey, 58 C. C. A. 294, 121 Fed. 956; Lawrence v. Greenup, 38 C. C. A. 546, 97 Fed. 906. The question has not been raised in this case, and we therefore express no opinion thereon. We make reference thereto to show that the question is not determined, so that in the future it may not be contended that the decision in this case impliedly recognized the right to maintain such action.

The judgment and order appealed from are affirmed.

GRACE, J. I concur in the result.