H. B. FULLER, Appellant, v. WALTER REED, A. J. McInnes, I. N. Rasmusson, Franklin Paige, Martin Jacobson, John Dawson, John Strauss and the North Dakota Farm Bureau Federation, an Unincorporated Association, Respondents.

(236 N. W. 267.)

Opinion filed April 20, 1931.

*Burdick & Redetzke,* for appellant.

*Lawrence, Murphy, Fuller & Powers,* for respondent.

GRIMSON, Dist. J. This case was in the Supreme Court before and is reported in 55 N. D. 707, 215 N. W. 147. In that case this court held "the inference that an officer of the voluntary non-profit association, who entered into a contract on behalf of the association, binds himself individually is ordinarily one of fact." Judgment had been rendered for the plaintiff and that judgment was reversed and cause remanded for further proceedings not inconsistent with that opinion. A new trial was had in the district court. The case was properly triable at law but a jury was waived and the cause submitted to the court without a jury. After a hearing upon the merits the court made its findings of fact and conclusions of law favorable to the defendants and ordered the action dismissed. Plaintiff thereupon made a motion for judgment notwithstanding or in the alternative for a new trial. This was denied and plaintiff thereupon appealed from the judgment and order denying the motion.

The facts not set forth in the former opinion of this court, 55 N. D. 707, 215 N. W. 147, were again shown on this trial. The North Dakota Farmers Bureau Federation was an unincorporated voluntary

association organized in January, 1921. The defendant, Franklin Paige, was one of the members of the executive committee chosen at the first meeting. The other individual defendants were members of said committee chosen at subsequent annual meetings. The plaintiff was hired as secretary of the Federation at the first meeting and re-engaged for 1922, 1923 and 1924 by the executive committee. He is now trying to recover the balance of his salary for such services from the individual members of the executive committee,—from Paige alone for the year 1921 and from all of the defendants for the subsequent services. In order to determine the issue of fact as to whom the plaintiff "knowingly extended credit according to the understanding of both parties," the testimony of the plaintiff, the defendants, as well as the minutes of the executive committee and other evidence was offered. The court made extensive findings of fact and finds:

"Upon a review of the whole evidence the only inference and finding that can reasonably be drawn therefrom is that the defendants did not become liable to the plaintiff, and that credit was never knowingly given or extended by the plaintiff to the defendants according to the understanding of both parties. That plaintiff in accepting employment and rendering the services extended credit to the State Association and not to these defendants, with the implied understanding between him and the defendants that his salary would be paid only out of the funds of the State Association and not otherwise The court further finds that this situation also existed with reference to the claim made by the plaintiff against the defendant Paige for the amount plaintiff claims for salary during the year 1921."

From these findings the court concluded that the defendants were not indebted to the plaintiff and were entitled to a dismissal of the action.

On this appeal the plaintiff assigns four errors. He claims, first, that the court erred in making its conclusions of law. Second and third, that the court should have made findings as to the liability of the several defendants arising out of the disbursements of the net earnings and property of the association and, finally, that the court erred in denying the order for judgment notwithstanding the decision or in the alternative for a new trial.

In an action properly triable to a jury but tried to the court alone

the findings of the trial court come before the Supreme Court with all the presumptions in favor of their correctness. The burden rests upon the party alleging error to show the existence thereof. A finding will not be disturbed unless clearly shown to be opposed to the preponderance of the evidence. State Bank v. Maier, 34 N. D. 259, 158 N. W. 346; Botnen v. Eckre, 41 N. D. 514, 171 N. W. 95; Lark Equity Exch. v. Jones, 42 N. D. 145, 171 N. W. 863. It is not even claimed by the appellant that the findings of the trial court are opposed to the evidence. He impliedly concedes that they are in accordance with the preponderance thereof. They will therefore be presumed to be correct. They certainly are well supported in the evidence. Appellant claims that because the presumption that a valid contract was intended, the burden is on the defendants to show they were not liable. Without deciding whether that is the rule, it is clear that the defendants have met that burden. He claims, however, that the court did not make proper conclusions of law thereupon. There is nothing to that contention. The only conclusions of law that can be drawn from the findings of the court and in accordance with the opinion of the Supreme Court in this case, heretofore cited, are the conclusions of law here entered.

The appellant claims, however, that the court should have made further findings with regard to the expenditure of the net earnings, cash and property of the association by the defendants. He argues that if the implied understanding was that the plaintiff was to rely upon the funds of the federation he should have been paid out of such funds before any other expenditures were made. It does appear in the evidence that the federation carried on among other activities a co-operative horse-selling project. That this project was handled separately from other activities of the association and that a refund of some $2,300 had been made to the individuals who sold horses in that manner through the federation. Then it also appears that some funds on hand at the time of the bringing of the suit had been used in paying other creditors rather than the plaintiff. Appellant argues that the defendants, because they participated in these refunds and payments, are individually liable and would be individually liable to the plaintiff for the balance of his salary.

In the first place, the case was not brought or tried on that theory. There is no allegation in the complaint with regard to this property nor claim that the defendants are liable because of their actions in that connection. Then there is nothing in the evidence to warrant the claim that even if the plaintiff was to rely upon the earnings of the federation he was to be paid first out of such earnings. Plaintiff, himself, was an executive officer of the federation. He had supervision of all its activities. He participated in these payments. Certainly the federation was not merely for the purpose of earning enough money to pay him his salary. Its main object seems to have been to promote the general interests of agriculture and to promote co-operation among farmers. To do this, necessarily other expenditures than Fuller's salary had to be made. In fact, in order to promote the growth of the federation, secure confidence for it among the farmers, and in that way to increase its earnings it was absolutely necessary that the federation keep its engagements and pay its other creditors as well as Mr. Fuller. He must have recognized that for he participated in all these payments.

Even, therefore, if the trial court could and should have made such findings that in no way alters the conclusions already entered to the effect that the defendants were not liable. At the most therefore the failure to make such findings would be an error without prejudice.

Neither was there any error committed by the trial court in denying the motion for judgment notwithstanding or in the alternative for a new trial. The evidence amply sustains the findings and conclusions of the court. It is clear that the plaintiff knew of the condition of the federation, knew that it was entirely dependent upon fees and earnings for its assets. He knew that the defendants were acting on the executive committee without any profit to themselves, and that they were not lending their credit to secure his services. It is amply shown in the testimony from the whole course of conduct of the parties that the plaintiff knowingly depended upon the earnings of the federation for his salary; that according to the understanding of both parties he extended credit to the federation and not to the defendants.

No assignments of error at law with regard to the admission of testimony or in any other manner are pointed out by the appellant. No grounds, therefore, were shown for granting a new trial.

The judgment of the lower court is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURR and BIRDZELL, JJ., concur.

BURKE, J. did not participate; GRIMSON, District Judge of the Second Judicial District, sitting in his stead.