## AMERICAN CASE & REGISTER CO. v. BOYD et al.

### (133 N. W. 65.)

**Appeal — trial de novo — action for recovery of money.**

    1. Under § 7229, Rev. Codes, 1905, an action at law for the recovery of money only, and therefore properly triable to a jury, whether thus tried or not, is not triable *de novo* in this court on appeal.

**Waiver of jury — effect on mode of reviewing decision.**

    2. The implied waiver of the jury at the close of the testimony, by both parties moving for a directed verdict, did not have the effect of changing the case from an action at law to a suit in equity, so as to change the method of reviewing the decision in the supreme court.

**Appeal — failure to specify errors in statement of case.**

    3. In a case not triable *de novo* on appeal, errors of law occurring at the trial, when not specified in the settled statement of case, as required by law, cannot be considered by the supreme court.

Opinion filed October 26, 1911.

Appeal from Stutsman County Court; *Marion Conklin,* J.

Action by the American Case & Register Company against Oscar Boyd and another, doing business under the firm name of Boyd & Mares. From a judgment for plaintiff, defendants appeal.

Affirmed.

*John Knauf* and *C. S. Buck,* for appellants.

*Oscar J. Seiler* and *A. W. Aylmer,* for respondent.

Fisk, J. This appeal is from a judgment of the county court of Stutsman county. The cause of action is founded on a promissory note executed and delivered by defendants to plaintiff on May 27, 1908, and given for the purchase price of a certain account register sold by the latter to the former. The defense is that such contract of purchase was canceled by defendants before the property was shipped.

The issues were tried to a jury, and at the conclusion of the testimony both sides moved for a directed verdict, whereupon the lower court discharged the jury, and subsequently made findings of fact and con-

clusions of law favorable to plaintiff, and entered judgment accordingly. Thereafter defendants procured a settlement of a statement of the case, but no specifications of error are included therein. Their counsel are evidently laboring under the erroneous belief that the case is triable *de novo* in this court, for they caused such statement to be settled in accordance with the practice under the so-called Newman law, and such statement, instead of having incorporated therein the necessary specifications of error, embraces the statement that the defendant demands a trial *de novo* in the supreme court. Appellant's brief is also prepared on such erroneous theory. The action is one at law, and not in equity, and was properly triable to, and was in fact tried to, a jury.

The mere fact that both parties moved for a directed verdict at the close of the testimony did not operate to change the action from one at law to a suit in equity. By making these motions for the direction of a verdict, the attitude of each party was that there was no issue of fact to be submitted to the jury, and that the court should dispose of the case as a matter of law. By such motions they are deemed to have impliedly consented to a disposition of the case without the aid of a jury, by the submission of all questions to the court, and if, in disposing of the case, it should become necessary for the court to determine issues of fact, such parties will not thereafter be permitted to urge that such issues should have been submitted to the jury. Umsted v. Colgate Farmers' Elevator Co. 18 N. D. 309, 122 N. W. 390. The act of discharging the jury by the implied consent of the parties did not operate to change the action from a jury case to one triable under the so-called Newman law. If the parties, instead of thus impliedly waiving the jury at the close of the testimony, had at the beginning of the trial expressly waived such jury, the case could not have been tried *de novo* in this court under the statute (§ 7229, Rev. Codes 1905), for, since the amendment by chapter 201, Session Laws of 1903, cases properly triable to a jury, whether thus tried or not, have not been triable *de novo* on appeal. Barnum v. Gorham Land Co. 13 N. D. 359, 100 N. W. 1079. Decisions by this court under the former statute, in so far as they uphold a contrary practice, are not in point under the present statute. The statute in force at the time they were decided expressly authorized trials *de novo* in this court in all cases tried to the court without a jury, whether they were actions at law or suits in equity.

Manifestly, therefore, we are powerless to review any of the alleged errors in this record, as none are specified in the statement of the case, and there is no contention that any errors appear on the case of the judgment roll proper.

It follows that the judgment appealed from must be affirmed; and it is so ordered.