# UPDEGRAFF v. TUCKER.

(139 N. W. 366.)

**Appeal — findings of fact by trial court.**

1. In an action at law where a jury has been waived, the findings of fact of the trial court have the force of a verdict, and such findings will not be disturbed when they have substantial support in the evidence.

**Appeal — statement — sufficiency.**

2. On an appeal from an order denying a motion for a new trial on the grounds of alleged insufficiency of the evidence to sustain the findings of fact, and of alleged errors of law occurring at the trial,

*Held*, that a failure of the appellant to incorporate in the statement of the case a specification of the particulars wherein such evidence is alleged to be insufficient, and of such alleged errors of law, requires us, as well as the trial court, to disregard such statement, under the provisions of § 7058, Rev. Codes, 1905.

**Appeal — review of evidence — affirmance.**

3. Notwithstanding appellant's failure to incorporate any specifications of particulars in the settled statement as required by § 7058, Rev. Codes, the evidence has been examined, and it is *held* that the findings of fact are amply supported thereby.

Opinion filed December 18, 1912.

Appeal by plaintiff from an order of the County Court for Stutsman County, *J. U. Hemmi,* County Judge, denying his motion for a new trial in an action brought to recover a balance claimed to be due for services.

Affirmed.

*C. S. Buck,* for appellant.

*George H. Stillman,* for respondent.

FISK, J. This action was tried in the county court of Stutsman county and resulted in a judgment for the defendant. A motion for a new trial was made and denied, and the appeal is from the order denying such motion. The action was brought to recover a balance claimed to be due plaintiff from defendant for services rendered and expenses incurred under an alleged promise on defendant's part to pay the plaintiff therefor. Defendant denies any personal liability, and in effect alleges that, in employing the plaintiff, he acted not in a personal capacity, but as the representative and agent of certain principals, and this with plaintiff's full knowledge. The issues are clearly defined in the pleadings. A jury was waived by the parties, and at the conclusion of the trial the county judge made findings of fact and conclusions of law favorable to the defendant. Such findings of fact are, of course, conclusive in this court, if there is any substantial conflict in the evidence. We have examined the record with care, and are fully convinced that such findings are in accordance with the weight of the testimony, and must therefore be accepted as final in this court.

Such findings of fact are as follows: "The court finds that in each of the following named towns, to wit, Fargo, Casselton, Courtenay, Carrington, Fessenden, Valley City, Jamestown, and Grand Forks, there was, at the time of the making of the contract set forth in the

complaint of the plaintiff, and still is, a corporation for the purpose of maintaining and having horse races in the several towns named. That the said several corporations annually elected or chose a person or representative to act for said corporation in connection with a representative from each of the other towns, for the purpose of advertising races for the 'circuit,' and employing a start or starters for the races to be held in the several towns, and to fix the dates, of such races so that there would be no conflict, and such other matters as might be incident thereto. That the several representatives, so chosen by the several corporations, organized by electing a president, a secretary, a treasurer, and other officers, and they styled themselves 'Central Circuit Association of North Dakota,' which was an unincorporated body. The business of this Central Circuit Association was almost entirely given over to the secretary. That at all times mentioned in the complaint in this case, the defendant, H. N. Tucker, was such secretary. That on or about May 28th, 1909, said defendant opened correspondence with said plaintiff for the purpose of employing the plaintiff as a starter for the races in the several towns in said circuit for the year 1909, and that agreement was finally entered into by and between them, whereby the said plaintiff was to act and be the starter of the races in six of the towns named, to wit, Casselton, Valley City, Courtenay, Fessenden, Carrington, and Jamestown, at a salary of $50 for each town and actual expenses prorated. That when employing the said plaintiff, said defendant styled himself 'secretary.' That the plaintiff well knew at the time of said employment, and afterwards, that he was acting for, and in behalf of, the several corporations in the several towns above named. That, in pursuance of said agreement and arrangement, the plaintiff acted as such starter in the six towns last above mentioned, and that the racing corporations in each of said towns accepted his services and each paid him $50 and $14 for one week's board, except the association in the town of Casselton, which town paid him only $50 and nothing for expenses. That the defendant received no money from any of these corporations to pay the plaintiff, but that the several corporations paid the plaintiff all the money that he received. That the plaintiff well knew that at the time he entered into the arrangements with the defendant, there were such racing corporations in each of the several towns, and that

they raised the funds to pay the expenses of races and other expenses in connection therewith in the several towns named.

"The court finds, further, that the defendant was acting as an agent for the several corporations, and not in his individual capacity at the time he employed the plaintiff to act as starter, and that the several racing corporations in the six towns mentioned accepted his (plaintiff's) services and paid him the amount agreed upon, to wit, $50 in each town and $14 for board (except the town of Casselton, which paid only $50), but that none of them paid the plaintiff any sum for railroad fare or other necessary expenses, or any part thereof."

Such findings of fact are not only amply sustained by the evidence, but their correctness is not properly challenged by the plaintiff. The only specification of particulars wherein the evidence is alleged to be insufficient to sustain such findings, is as follows:

"The plaintiff alleges that the evidence in this case is insufficient to justify the findings of fact and conclusions of law made by the court." Manifestly this is no specification of particulars at all, nor is there any attempt whatever to specify any particular errors of law in the settled statement of the case. These being the only statutory grounds urged for a new trial, it is well settled that neither the court below nor this court can afford relief to appellant. The statute (§ 7058, Rev. Codes, 1905) is plain and specific to the effect that such specifications of particulars must be incorporated in the settled statement, and that where no such specifications are made, the statement shall be disregarded on motion for a new trial and on appeal.

This renders a consideration of the appellant's contentions and authorities unnecessary, there being no serious contention that the facts as found do not warrant the conclusions of the trial court.

Order affirmed.

B. F. SPALDING, I express no opinion on the sufficiency of the evidence to sustain the findings.