# FREIDRICH FEIL v. NORTHWEST GERMAN FARMERS MUTUAL INSURANCE COMPANY, a Corporation.

(149 N. W. 358.)

**New practice act — evidence — specification of insufficiency — verdict — to sustain — rule is reasonable one — compliance with the statute.**

1. Section 4, chap. 131, Laws 1913, known as the new practice act, requires that a specification of insufficiency of the evidence to sustain the verdict or decision of the court shall point out wherein the evidence is insufficient. Such statutory rule is a reasonable one, designed to inform the court and respondent's counsel of the particulars relied on as to the alleged insufficiency, and a substantial compliance therewith will be exacted. Appellant's specifications in this case examined, and *held* not a substantial compliance with such statute.

**Judgment — appeal from — action on contract — court — jury waived — findings — special verdict — substantial support in evidence — will not be disturbed.**

2. On an appeal from a judgment in an action on contract for the recovery of money only which was tried to the court, a jury having been waived, the findings are entitled to the weight of a special verdict, and will not be disturbed where, as in this case, they have substantial support in the testimony.

Opinion filed October 8, 1914.

Appeal from District Court of McIntosh County, *Allen,* J.

From a judgment in plaintiff's favor defendant appeals.

Affirmed.

*Curtis & Curtis,* for appellant.

The evidence of Feil and wife was given through an interpreter, and it was and is difficult to know the true meaning of evidence so secured. Haines v. People, 82 Ill. 430; People v. Barberi, 149 N. Y. 269, 52 Am. St. Rep. 717, 43 N. E. 635; The Oder, 8 Fed. 172.

Such testimony is also untrustworthy because of the inability to give the witness any adequate cross-examination. United States v. Lee Huen, 118 Fed. 463.

We have no test of the truth of human testimony except its conformity to our reason, knowledge, observation, and experience. Daggers v. Van Dyck, 37 N. J. Eq. 130.

The testimony of Feil and wife is so bold and striking in its contradictions, it would seem unsafe and unfair to give to such testimony any weight.  Malin v. Malin, 1 Wend. 651.

*Geo. M. Gannon* and *W. S. Lauder,* for respondent.

This is an action at law—tried by court—jury waived—findings therefore have the same weight as a verdict by jury, and same will be so treated on appeal.  James River Nat. Bank v. Weber, 19 N. D. 702, 124 N. W. 952, and cases cited.

The claim that a verdict is without support in the evidence cannot be maintained when the explicit and consistent testimony of one witness sustains it, even though a number of witnesses testify to the contrary of the evidence of the one witness.  Jackson v. Grand Forks, 24 N. D. 601, 45 L.R.A.(N.S.) 75, 140 N. W. 719; Clemens v. Royal Neighbors, 14 N. D. 116, 103 N. W. 402, 8 Ann. Cas. 1111; Houghton Implement Co. v. Vavrowski, 19 N. D. 594; Edwards v. Chicago, M. & St. P. R. Co. 21 S. D. 504, 110 N. W. 832; Hall v. Northern P. R. Co. 16 N. D. 60, 111 N. W. 609, 14 Ann. Cas. 960; Walklin v. Horswill, 24 S. D. 191, 123 N. W. 668; Berry v. Chicago, M. & St. P. R. Co. 24 S. D. 611, 124 N. W. 859; Casey v. First Bank, 20 N. D. 211, 126 N. W. 1011; Charles E. Bryant & Co. v. Arnold, 19 S. D. 106, 102 N. W. 303; Unzelmann v. Shelton, 19 S. D. 389, 103 N. W. 646; Comeau v. Hurley, 24 S. D. 275, 123 N. W. 715; Olson v. Day, 23 S. D. 150, 120 N. W. 883, 20 Ann. Cas. 516; Mosteller v. Holborn, 20 S. D. 545, 108 N. W. 13; Grant v. Powers Dry Goods Co. 23 S. D. 195, 121 N. W. 95.

It is well settled that where a fire insurance company, with full knowledge of facts which would render the policy void under the conditions of the application and policy, issues and delivers such policy and accepts the premium, it will be deemed to have waived such forfeiture, and will not be heard to urge the invalidity of the policy, in an action to recover loss thereunder.  Leisen v. St. Paul F. & M. Ins. Co. 20 N. D. 316, 30 L.R.A.(N.S.) 539, 127 N. W. 837, and cases cited; Stotlar v. German Alliance Ins. Co. 23 N. D. 346, 136 N. W. 792, and cases cited.

Fisk, J.  Action to recover on a fire insurance policy.  Such policy contains the usual stipulation that "this policy shall be void  .  .  .

if the insured now has or shall hereafter obtain any other insurance on said property without the assent of the company," etc. There was other insurance on the property, and the defense is that the policy is void because such other insurance was not assented to by the defendant company. This issue was, by consent, tried to the court, a jury having been waived. Such trial resulted in findings and conclusions favorable to plaintiff, and judgment in accordance therewith was given and entered in his favor for the sum demanded in the complaint. From this judgment defendant has appealed to this court, urging as the only grounds for a reversal the following so-called specifications of error:

1. The evidence is insufficient to sustain the decision.

2. The decision is not sustained by the weight of the evidence.

It needs no argument to demonstrate that such specifications are wholly inadequate and unavailing. The controlling statute—§ 4, chap. 131, Laws 1913—expressly provides that "a specification of insufficiency of the evidence to sustain the verdict or decision of the court *shall point out wherein the evidence is insufficient."* This is a reasonable requirement of the new practice act, and a substantial compliance therewith will be exacted by this court. The failure to thus comply with such plain statutory rule leads to an affirmance, there being no contention that any errors appear on the face of the judgment roll. Notwithstanding the conclusion thus reached, we have examined the merits sufficiently to satisfy us that the same result would necessarily follow, even if the practice pursued by appellant had complied strictly with the statute. Briefly stated, our reasons are the following:

The case is not here for trial *de novo,* it being properly a jury case. The findings are therefore entitled to the weight of a special verdict of a jury, and they will not be disturbed where they have substantial support in the testimony. That they have such support is clear. Indeed, counsel tacitly, if not expressly, admit this to be true by the following statement in their printed argument: "The appellant contends that the evidence is insufficient on all points to sustain the decision of the court, *the plaintiff's case relying entirely upon their own testimony, while they are contradicted by disinterested witnesses as to the facts."*

Concededly, there was a square conflict in the testimony upon the crucial issue of fact, and the trial court, whose function it was to de-

termine the credibility of the witnesses and the weight to be given their testimony, found in favor of the plaintiff, and such finding ought not to be disturbed.

Judgment affirmed.