# EVAN GRIFFITH v. J. N. FOX.

### (156 N. W. 239.)

Foreclosure — sheriff's certificate of sale — assignment — redemption period — rents — collected by assignee — action to recover — evidence — redemption and not sale — account for rents.

Plaintiff bought property upon which defendant held a sheriff's certificate of foreclosure sale. After conference with defendant he paid the full amount of the certificate, with interest, and received an assignment of the same. Defendant had collected rents during the year of redemption, and this action is for their recovery.

Evidence examined and found to support the finding of the trial court that the transaction was in fact a redemption, though in form a sale of the certificate, and that defendant must account for the rents.

Opinion filed December 31, 1915. On petition for rehearing February 10, 1916.

Appeal from the District Court of Burke County, *Leighton,* J.
Affirmed.

*Francis J. Murphy,* for appellant.

The defendant was the holder of a sheriff's certificate of sale upon foreclosure. It is the settled law that the holder of such a certificate is entitled to the rents during the year of redemption. Clement v. Shipley, 2 N. D. 432, 51 N. W. 414; Whithed v. St. Anthony & D. Elevator Co. 9 N. D. 224, 50 L.R.A. 254, 81 Am. St. Rep. 562, 83 N. W. 238; Comp. Laws 1913, § 7762.

*A. W. Gray* and *Karl H. Stoudt,* for respondent.

"An assignment of a sheriff's certificate of sale to a person having the right to redeem operates as a redemption from the execution sale." Smith v. Michigan State Bank, 102 Mich. 5, 60 N. W. 438; Banning v. Sabin, 51 Minn. 129, 53 N. W. 1; Sheley v. Detroit, 45 Mich. 431, 8 N. W. 52.

The position and rights of a purchaser under mortgage foreclosure sale, and under judicial or execution sale, are the same. F. A. Patrick & Co. v. Knapp, 27 N. D. 100, 145 N. W. 598; Ex parte Peru Iron Co. 7 Cow. 540; Banning v. Sabin, 51 Minn. 129, 53 N. W. 1.

A grantee within the time allowed for redemption from an original owner whose land has been sold under mortgage foreclosure is not a

redemptioner, but is a successor in interest of the original owner, and, as such, is entitled to redeem in the same manner as the judgment debtor in the foreclosure action, and need not comply with the conditions imposed on redemptioners. Phillips v. Hagart, 113 Cal. 552, 54 Am. St. Rep. 369, 45 Pac. 843; Stocker v. Puckett, 17 S. D. 267, 96 N. W. 91; Sharp v. Miller, 47 Cal. 82; Yoakum v. Bower, 51 Cal. 539.

"The purchaser of the equity of redemption stands in the shoes of the mortgagor as a successor in interest." Styles v. Dickey, 22 N. D. 515, 134 N. W. 702; Comp. Laws 1913, § 7758.

Where a party is restored to his original estate he is entitled to the rents and profits from the time of sale. Warner Bros. Co. v. Freud, 138 Cal. 651, 72 Pac. 345.

The fact that a redemption has been established, the question of the right to an accounting at once arises. Styles v. Dickey, supra; Phillips v. Hagart, 113 Cal. 552, 54 Am. St. Rep. 369, 45 Pac. 843; Comp. Laws 1913, § 7758.

A demand before action, for such accounting, is not necessary, if it were necessary, it has been waived by defendant, by words and actions. Madison v. Octave Oil Co. 154 Cal. 768, 99 Pac. 177.

BURKE, J. The defendant, Fox, was the holder of a sheriff's certificate upon mortgage foreclosure sale amounting to around $3,000. During the year of redemption he collected rents and profits, the sum of $349.60, and expended for insurance the sum of $16. The plaintiff, Griffith, purchased the premises during the year of redemption and opened the negotiations with Fox. The nature of these negotiations forms the basis of this lawsuit. At all events, about three days before the expiration of the period of redemption, Fox assigned his sheriff's certificate to Griffith. Shortly thereafter Griffith sued for the rents and profits collected by Fox during the year of redemption. A jury was waived, and the trial court made findings of fact generally in plaintiff's favor. Specifically, he found that "on the 10th of May, 1913, the plaintiff herein as owner in fee of the said premises redeemed the said premises from said mortgage-foreclosure sale. . . ." And again: ". . . That at the same time and place, in order to save additional expense and inconvenience occasioned through redeeming said premises

through the sheriff of Ward county, the said J. N. Fox, at the request of plaintiff herein, executed and delivered to the plaintiff, upon the payment to him of the said sums as specified herein, an assignment of the sheriff's certificate, dated the 10th day of May, 1913; that the said sheriff's certificate was assigned to the plaintiff instead of a certificate of redemption being issued to the defendant. That it was plaintiff's intention to redeem the said premises from the aforementioned foreclosure. . . . That the exact amount due the plaintiff from rents and profits was not readily ascertainable at the time of redemption, and for that reason was not accounted for at that time. . . ."

It is conceded that the findings of the trial court have the weight as a special verdict of the jury, and should not be disturbed unless clearly against the preponderance of the evidence. A decision of the controversy then rests upon the condition of the evidence.

(1) We will give a short extract from the testimony which, we think, amply supports the findings of the trial court. Griffith, the plaintiff, testified in part as follows:

"I stated that I was going to redeem the property, and asked him (Fox) if he would not just as leave give me an assignment of the sheriff's certificate. He said no, he would not; that he would prefer me to redeem through the sheriff's office in the regular way, and he would account to me personally for the rents. . . . He stated that he may have collected some more money, and there may have been other expenses that he had paid out, but at this conversation could not tell without checking up a little more carefully."

After this conversation, Griffith went to his attorney, Gray, and asked him to handle the matter for him. Mr. Gray testified:

"I said to Mr. Fox (over the telephone), Do you know of any reason why you would not just as soon let Mr. Griffith take that by sheriff's certificate as to require him to take it through the sheriff's office? And Mr. Fox replied, 'No, I do not know of any reason,' and I stated to him I would come over to see him. I then went to the Kenmare National Bank and saw Mr. Fox for about an hour in regard to this. Mr. Fox said, 'I thought I had some reason why I preferred to have Mr. Griffith take this up through the sheriff's office, but I can't think of it now.' He says, 'Do you know of any reason why he should take it up that way rather than this way?' 'No,' I said, 'I do not.' He says, 'Are

there any other people intervening that he will shut out by taking it?' 'No,' I said, 'I understand not.' That there is simply one matter of record that he has agreed to take up and has requested that the parties take up. Mr. Fox did ask me, I think, over the telephone, or while I was there, why Mr. Griffith wanted to take it up that way . . . and I told him simply for the reason, it made it a little less expensive for Mr. Griffith to do it that way, and I thought it left the abstract in a little better shape; and Mr. Fox referred to it again and said, 'I had something in mind, some reason that I preferred to have him do it the other way but can't think of what that reason is, now. Will you wait a little while until I think it over and see whether there was or not?' I said, 'I will call a little later, or you can call me up,' and I left the bank; and then later I did call Mr. Fox again, or he called me, and he says: 'I think that is all right. I do not know of any reason why I would not just as soon give that, and I will assign the sheriff's certificates.' . . ."

Pursuant to this agreement, Griffith paid the full amount of the certificate with interest, and received the assignment. We have not set forth all of the evidence. It is clear to us that a finding that both Fox and Griffith intended the assignment to operate as a redemption, and that Fox would personally account to Griffith for rents and profits, is not against the preponderance of all the testimony. If, as contended by appellant, Fox intended to keep the rents and profits for the favor of executing the assignment, it was a matter important enough to require mention. The rents collected by him exceeded 10 per cent of the face of the certificate, and it is not likely that Fox at that time believed that Griffith would pay so dearly for an assignment. Not believing that he could earn this $353.90 (the amount of the rents and profits with interest), it is not likely that he at that time thought it a part of the bargain he was making. It is reasonable to suppose that he was ready to grant to the attorney Gray the accommodation which he had refused Griffith, and that the understanding, either express or clearly implied, was that the rents should be accounted for. There is nothing in the argument of appellant that defendant was obliged to serve a written demand for an accounting under § 7762, Comp. Laws 1913. That section extends the period of redemption in case such a demand is made.

That, under the circumstances, a redemption was effected, is the holding of all the authorities which we have examined: Smith v. Michigan State Bank, 102 Mich. 5, 60 N. W. 438; Banning v. Sabin, 51 Minn. 129, 53 N. W. 1.

Judgment affirmed.

## On Petition for Rehearing.

BURKE, J. Upon petition for rehearing we are reminded that there are some inconsistencies in the holding of this court upon the weight to be given to the finding of the trial court in a case where the jury has been waived. Upon a re-examination of the authorities we are convinced that the rule is correctly stated in Jasper v. Hazen, 4 N. D. 1, 23 L.R.A. 58, 58 N. W. 454, and followed in many cases by this court: Re Eaton, 4 N. D. 517, 62 N. W. 597; Dowagiac Mfg. Co. v. Hellekson, 13 N. D. 257, 100 N. W. 717; Ruettell v. Greenwich Ins. Co. 16 N. D. 546, 113 N. W. 1029; Feil v. Northwest German Farmers' Mut. Ins. Co. 28 N. D. 355, 149 N. W. 358. Through inadvertence in a few cases the rule has been announced that the findings of the judge have the same weight as the verdict of a jury. This is due to the fact that in those particular cases the matter was not important, and did not receive the direct attention of the court. James River Nat. Bank v. Weber, 19 N. D. 702, 124 N. W. 952; State v. Banks, 24 N. D. 21, 138 N. W. 973; Updegraff v. Tucker, 24 N. D. 171, 139 N. W. 366; Taute v. J. I. Case Threshing Mach. Co. 25 N. D. 102, 141 N. W. 134, 4 N. C. C. A. 365; Steidl v. Aitken, 30 N. D. 281, L.R.A.1915E, 192, 152 N. W. 276, and possibly others.

In none of the cases, however, did the difference in the rule in any way affect the decision reached in the case. There was no preponderance of the evidence against the verdict in any case. The petition is denied.