## JOHN LOFTHOUSE, Respondent, v. GALESBURG STATE BANK, a Corporation, Appellant.

(190 N. W. 177.)

**New trial — overruling motion for new trial not particularizing grounds held not error.**

The defendant made a motion for a new trial. The trial court made an order denying the motion. In this the trial court did not err.

Opinion filed September 30, 1922.

Appeal and Error, 3 C. J. § 1522 p. 1373 n. 42; 4 C. J. § 1522 p. 1373 n. 43; § 3092 p. 1111 n. 85; New Trial, 29 Cyc. p. 942 n. 95; p. 952 n. 23.

---

Note.—On appeal from order denying motion for new trial, see 2 R. C. L. 188; 1 R. C. L. Supp. 431; 4 R. C. L. Supp. 90; 5 R. C. L. Supp. 79.

An appeal from an order of the District Court of Traill County denying the defendant's motion for a new trial, *Cole*, J.

Order affirmed.

*I. A. Acker*, for appellant.

"Naming one as consignee in, or indorsing and delivering to him a bill of lading, may be shown by parol to have been intended as evidence of an absolute sale, a trust, a mortgage, a pledge, a lien, or a mere agency." Leuthold v. Fairchild (Minn.) 27 N. W. 509; Bank v. Jones, 4 N. Y. 497; Bank v. Daniels, 47 N. Y. 631; Bank v. Wright, 48 N. Y. 1.

In the case of Hodgson v. St. Paul Plow Co. 80 N. W. 956, 78 Minn. 172, the court held: "Where a servant received a trust fund from his master and distributed under his orders, the servant is not liable for converting such fund." The case of Leuthold v. Fairchild (Minn.) 27 N. W. 509, is to the same effect.

*Spalding & Shure*, for respondent.

"A demand followed by refusal is only evidence of a conversion." More v. Burger, 15 N. D. 345; Taugher v. N. P. Ry. Co. 21 N. D. 11; 2 M. A. L. 95, 93.

"Demand was unnecessary under the well-established principle that it would have been unavailing. Demand and refusal need not be made before the commencement of the action in case a demand would be obviously unavailing, as when, by pleading and proof, the property is shown to be detained under a claim of absolute right." More v. Burger, 15 N. D. 345; Consolidated Land & Invest. Co. v. Hawley, 7 S. D. 229; Tapley v. Forbes, 84 Mass. 20; Crampton v. Valido Marble Company, 60 Vt. 291; Hahn v. Sleepy Eye Mill Co. 21 S. D. 324.

Demand is not necessary when conversion can otherwise be shown. Crampton Case, 2 M. A. L. 93; 26 R. C. L. 1123, note 10; 21 Enc. Pl. & Pr. 1083; 38 Cyc. 2071; 38 Cyc. 2032, notes 76 and 84.

And the sale constitutes a conversion.

If the defendant wrongfully delivers the property in question to a third party that such delivery passing it out of his control constitutes conversion, and that the date of the conversion is the date of the delivery. Taugher v. N. P. Ry. Co. 21 N. D. 111; Bank v. Osborne-MacMillan Elev. Co. 21 N. D. 335; 2 M. A. L. 81; Elev. Co. v. Dawson, supra; Dammann v. Schibsby Implement Co. supra.

49 N. D.—7.

GRACE, J. This is an appeal from an order of the district court of Cass county, denying defendant's motion to vacate the verdict rendered in the above-entitled action, and the judgment entered thereon, and for a new trial.

In order to give clarity to the present appeal, it may be well to give a short history of the litigation. The plaintiff brought an action against the defendant, alleging conversion by it of certain of plaintiff's wheat. Upon proper pleadings, issues were formed and tried to the court and a jury. The jury returned a verdict in plaintiff's favor for $204, and interest and costs; in all $258.80. A judgment was entered on the verdict and defendant appealed from it.

The case was argued orally before this court. An opinion was prepared by Mr. Justice Christianson (48 N. D. 1019, 188 N. W. 585) and in so far as it disposed of the merits of the case, all the members of this court concurred in it. This opinion affirmed the judgment. It however, affirmed the judgment without prejudice to the right of the defendant to present a motion for a new trial in the lower court. The defendant did present a motion for a new trial, which though not argued, was heard before the trial court, and it made an order denying the motion for a new trial. From that order, this appeal is taken.

The only assignments of error are:

1. Error based upon the giving of certain instructions of law by the court.

2. Insufficiency of evidence to justify the verdict, and that the verdict is against law.

The instructions complained of are as follows:

1. "In order for the plaintiff to have a right to recover against the defendant in this case he must prove by a fair preponderance of the evidence that crops were raised upon the premises described; he must further prove by a fair preponderance of the evidence that the crops raised on the premises, or the proceeds from the crops, came into the hands of the defendant, and that by the defendant the proceeds or the crops either one, was handled and used and converted, if it was crops into money and if not the crops, the money used in the business of the defendant whether that business be with Eggers or others."

2. "But if you should find from determining upon the whole of the evidence that the off-set for the thresher's lien was equal to, or perhaps

beyond the value of the crop on the premises that came into the possession of the defendant, either by way of crop or by way of proceeds thereof, then you would find in favor of the defendant and not for the plaintiff."

3. "I charge you further that in determining what was the proceeds of the crop from the premises in question that came into the hands of the defendant bank, if any, would be the proceeds as actually received by the bank, or came into the hands of the defendant bank. Of course, when I speak of proceeds of grain, I mean the proceeds of the grain raised upon the Lofthouse land, that is, the land in question, and I so charge you."

An examination of the record in the prior case discloses that certain errors were assigned which were based on erroneous instructions of law by the trial court, and it further discloses that those instructions are identical with those upon which error is predicated upon this appeal. In the opinion in the former case, the court said, referring to the instructions: "And the instructions to which exception is taken were not erroneous under the rule announced in the case last cited." It is clear from the opinion that the court found no error in the instructions complained of. The alleged errors in the instructions were, we think, properly and rightly disposed of in that appeal. In other words, the opinion reached the right conclusion in determining that there was no error in the instructions, hence, there is no reason for re-examining the same instructions in this appeal. Such matter was disposed of in the prior appeal.

The second assignment of error is based upon the insufficiency of the evidence to sustain the verdict. The appellant, in no way, points out wherein the evidence is insufficient to sustain the verdict. If it desired seriously to assert that there is no substantial evidence to support the verdict, or that the evidence is wholly insufficient, it should have specified the particulars of such insufficiency. This is a requirement provided for by § 7656, Comp. Laws, 1913. The appellant having failed in this respect, this attempted assignment of error amounts to nothing.

There is no error in the record and the order appealed from is affirmed. Respondent is entitled to his costs and disbursements on appeal.

BIRDZELL, Ch. J., and CHRISTIANSON, and BRONSON, JJ., concur.

BRONSON, J. (specially concurring). For the reasons outlined in my opinion in the former case, see 48 N. D. 1019, 188 N. W. 586, I concur in the affirmance of the order.