L. R. BAIRD, as Receiver of Farmers & Merchants State Bank of Bowdon, North Dakota, an Insolvent Banking Corporation, Respondent, v. FIRST NATIONAL BANK OF FESSENDEN, a Corporation, Appellant.

(234 N. W. 71.)

Opinion filed January 5, 1931.

*B. F. Whipple,* for appellant.
*Zuger & Tillotson,* for respondent.

CHRISTIANSON, Ch. J.   In the complaint in this case it is alleged that the Farmers & Merchants State Bank of Bowdon, North Dakota, was a banking corporation duly organized under the laws of this state; that on January 19, 1925, it became insolvent and closed its doors; that the plaintiff Baird was appointed receiver on March 23, 1925, and that he thereafter duly qualified as such; that the defendant bank is a banking corporation organized under the laws of the United States of America; and that on or about February 11, 1925, the defendant bank received the sum of $331.73 for the use and benefit of the plaintiff.

"That said sum was collected by and paid to the defendant First

National Bank of Fessenden for and on account of the plaintiff under and by virtue of the following facts and circumstances, to wit: That one R. O. Torland, prior to February 11, 1925, borrowed the sum of $2,500 from the Bank of North Dakota upon certain real estate owned by him; and such sum was by agreement of plaintiff, defendant, R. O. Torland, and one Henry E. Hanson hereinafter named, delivered to the said First National Bank of Fessenden to be by it disbursed and applied upon certain obligations and debts of said R. O. Torland, then owing to diverse persons, among which obligations was an indebtedness of said R. O. Torland to Henry E. Hanson, and said First National Bank having received said sum of $2,500 as aforesaid paid out and applied the same upon various debts of said R. O. Torland and after having done so there remained in defendant's hands a balance of $331.73 to which said Hanson was entitled; that at the said time the said Hanson was indebted to the Farmers & Merchants State Bank of Bowdon in a large amount of money, and had with the knowledge, consent and agreement of the defendant assigned the amount of money coming to him from said R. O. Torland as aforesaid, to wit: $331.73 which the defendant then and there agreed to pay over to said Farmers & Merchants State Bank of Bowdon and the receiver thereof, and said Farmers & Merchants State Bank of Bowdon and the receiver thereof, this plaintiff, thereupon became entitled to have and receive from the defendant First National Bank of Fessenden the sum of $331.73."

It is further alleged that the plaintiff has demanded said sum from the defendant and that it has failed to pay the same or any part thereof.

The defendant interposed an answer wherein it admitted the corporate character, the insolvency and closing of the Farmers & Merchants State Bank of Bowdon and the appointment of Baird as receiver thereof. The answer further admitted the corporate capacity of the defendant but denied all other allegations of the complaint. The answer further set forth a counterclaim wherein it is alleged that the defendant bank on or about the 8th and 10th days of January, 1925, received checks drawn upon the Farmers & Merchants State Bank of Bowdon aggregating $486.66; that such checks were drawn by persons who at that time had on deposit in the latter bank sufficient funds to meet such checks; that the checks were by the defendant bank forwarded in due course of business for collection through the American

National Bank of St. Paul, Minnesota; that the checks were by the latter bank forwarded to the Farmers & Merchants State Bank for payment; that the checks were received by the latter bank marked paid, returned to the various parties by whom they were issued; that the said Farmers & Merchants State Bank issued its draft for the amount of such checks payable to the American National Bank of St. Paul but that the Farmers & Merchants State Bank was closed before the draft was paid and that the defendant, on account of having endorsed and negotiated such checks, was required to and did pay to the American National Bank of St. Paul, the amount thereof, to wit, $486.66.

The case was tried to the court, without a jury, upon the issues thus framed, and resulted in a judgment in favor of the plaintiff. The defendant appeals from the judgment and makes the following assignment of error:

"The court erred in finding:

"That on or about February 11, 1925, the defendant received the sum of $331.75 for the use and benefit of the plaintiff as receiver of said Farmers & Merchants State Bank of Bowdon, which said sum the defendant was bound to pay to the plaintiff on demand, said sum constituting a special deposit and trust fund for the benefit of said Farmers & Merchants State Bank and the receiver thereof."

"The court erred in entering judgment for the plaintiff. Defendant and appellant desires a review and retrial of the entire case in supreme court."

It is apparent that the appeal was taken upon the theory that the case is one wherein the appellant might demand and obtain a trial anew in the supreme court; and that upon such demand the various issues raised by the pleadings would be considered anew, and all the evidence adduced in the court below reviewed and weighed, in the appellate court. This theory, however, is erroneous. This case is not triable anew in this court but is subject to the provisions of law relating to appeals in actions properly triable to a jury. Barnum v. Gorham Land Co. 13 N. D. 359, 100 N. W. 1079; Hanson v. Carlblom, 13 N. D. 361, 100 N. W. 1084; American Case & Register Co. v. Boyd, 22 N. D. 166, 133 N. W. 65; State Bank v. Maier, 34 N. D. 259, 158 N. W. 346; Botnen v. Eckre, 41 N. D. 514, 171 N. W. 95;

Lark Equity Exch. v. Jones, 42 N. D. 145, 171 N. W. 863; Erickson v. Backman, 49 N. D. 277, 191 N. W. 343; Lloyd Mortg. Co. v. Davis, 51 N. D. 336, 36 A.L.R. 465, 199 N. W. 869; Anderson v. Osborne-McMillan Elevator Co. 51 N. D. 730, 200 N. W. 905.

In short, the case is one where the review on appeal is limited to the errors assigned. The statute requires that in such cases the appellant "shall serve with the . . . notice of appeal a concise statement of the errors of law he complains of, and if he claims the evidence is insufficient" to support the verdict or decision he must so specify. The statute further provides that "a specification of insufficiency of the evidence to sustain the verdict or decision of the court shall point out wherein the evidence is insufficient and it shall be proper to include in such specification, specifications of facts conclusively established, together with the fact claimed not to be established, in such manner as to intelligently show wherein, on the whole case, the verdict or decision is not supported by the evidence." Comp. Laws 1913, § 7656. There is no specification or assignment in this case conforming to the requirements of this statute (3 C. J. pp. 1381 et seq.). In any event there is no assignment or specification presenting any question relating to the counterclaim. The only specific assignment of error sought to be made challenges the correctness of the finding made by the court with reference to the claim set forth in the complaint. The undisputed evidence in the case, however, shows that on or about February 11, 1925, the defendant bank did receive the sum of $2,500 as the proceeds of the Torland real estate loan, as alleged in the complaint; and that after paying off the various obligations of Torland, which it was authorized to pay, there remained in the hands of the defendant bank a balance of $331.73 and that these moneys under the terms of the assignment by Torland, belonged to the Farmers & Merchants State Bank of Bowdon. In fact there is no claim that they belonged to anyone else. The counterclaim of the defendant bank is predicated upon the theory that the moneys belonged to the Farmers & Merchants State Bank of Bowdon and the receiver thereof; that it has a valid counterclaim against such bank and its receiver and consequently should be permitted to retain them. In short, the right to retain the moneys is claimed by the defendants solely on the theory that the moneys actually belonged to said Farmers & Merchants State Bank

of Bowdon by virtue of the assignment thereof to such bank by Torland. The finding of the trial court to which exception is taken and upon which error is predicated is not contrary to but in accord with the undisputed evidence.

As said, the appeal does not present for determination any question concerning the counterclaim. However, there was transmitted to this court with the record in the case a memorandum opinion of the trial court from which it appears that in determining the case the trial court gave careful consideration to all the evidence, including that relating to the counterclaim, and arrived at the conclusion that the counterclaim was not well founded. So while the merits of the counterclaim may not be determined by this court on this appeal we deem it proper to say that it is not at all apparent that the trial court committed any error in disallowing the counterclaim.

Judgment affirmed.

BIRDZELL, NUESSLE, BURR, and BURKE, JJ., concur.