RICHARD GALLAGHER, Celia Gallagher, and John Noonan, Respondents, v. TAPPEN STATE BANK, a Corporation, and L. R. Baird, Receiver of Tappen State Bank, Appellants.

(235 N. W. 640.)

Opinion filed March 24, 1931.

*Zuger & Tillotson,* for appellants.

*J. A. Coffey,* for respondents.

CHRISTIANSON, Ch. J. The controversy involved on this appeal relates to a certain promissory note executed and delivered by the plaintiff John Noonan to Tappen State Bank. The note is in the sum of $1675, bears date December 26, 1928, and is payable December 1, 1929 with interest at the rate of 9 per cent per annum. The plaintiffs contend that this note was executed and delivered by John Noonan to the Tappen State Bank solely as an accommodation to said bank; that said Noonan received no consideration whatsoever for said note; that in any event the note was executed and delivered as an incident to certain indebtedness of said Richard Gallagher and Celia Gallagher to said bank and was merely collateral to such indebtedness; that in the fall of 1928 said Richard Gallagher and Celia Gallagher entered into an agreement with the said Tappen State Bank whereby they agreed to turn over and deliver to said bank some forty head of cattle, a number of horses and certain other personal property as payment in full of all obligations of said Richard Gallagher and Celia Gallagher to said bank, and that said bank agreed, in consideration of the transfer and delivery to it of such personal property, to cancel and return all promissory notes of Richard Gallagher and Celia Gallagher held by the bank and also to cancel and return the said note of John Noonan in question here; and that the said bank further agreed to pay to said Richard Gallagher and Celia Gallagher, the sum of $150 in cash. The plaintiffs claim that the Gallaghers carried out their part of this agreement; that the bank paid to them the sum of $150 in cash as agreed upon but failed to return the Gallagher notes and the Noonan note and they brought this action to obtain possession of all of such notes. No question has been raised as to the right of the parties to maintain such action jointly. The defendant answered, and aside from an admission of the corporate existence of the bank and the appointment of the defendant Baird as receiver thereof, he denied all the averments of the complaint. The answer, by way of counterclaim, alleged the execution and delivery by the plaintiff Noonan to the Tappen State Bank of the note in question; that the receiver is the owner and holder thereof and that no part of said note has been paid. The plaintiff Noonan interposed a reply to the counterclaim wherein he admitted the execution and delivery of the note, but denied that the note had been executed for a consideration and alleged that he had received no consid-

eration whatsoever therefor. He further alleged that the note had been executed and delivered in connection with certain notes of Richard Gallagher to the Tappen State Bank, and with the understanding that the Noonan note should be returned whenever Richard Gallagher's indebtedness to the bank had been settled or liquidated. In the reply it is further alleged that Gallagher's indebtedness to the bank has been liquidated and that consequently the plaintiff Noonan is not indebted to the bank in any sum whatsoever. The case was tried to a jury upon the issues thus framed and resulted in a verdict in favor of the plaintiffs. The defendant moved in the alternative for judgment notwithstanding the verdict or for a new trial. The motion was denied and defendant appeals.

A number of rulings are assigned as error, but the only assignments argued are: (1) That the trial court erred in receiving in evidence a certain written agreement executed and delivered by the Tappen State Bank to John Noonan; and (2) That the trial court erred in submitting any instructions upon the question of the liability of an accommodation maker.

While the answer placed in issue all the allegations of the complaint (except the corporate existence of the Tappen State Bank and the appointment of the receiver) it was admitted by the defendant upon the trial that in the fall of 1928 an agreement was made between the Tappen State Bank and Richard Gallagher whereby a settlement was effected of all indebtedness of Richard Gallagher and Celia Gallagher to the Tappen State Bank. It is admitted that at that time it was agreed between the parties that Gallagher should deliver to the bank certain personal property consisting of cattle, horses and machinery; that the bank would accept such property as payment in full of all indebtedness then owing by Richard Gallagher and Celia Gallagher to the bank and deliver to them all their notes or other evidences of indebtedness, and further pay to them a certain sum of money. The undisputed evidence shows, and it is conceded by the parties to this action, that this arrangement was carried out on the part of the Gallaghers; that the bank received the property and that it paid to Gallagher the sum of money agreed upon but that it did not return to him certain of his promissory notes. The only dispute as regards the

terms of the settlement relates to the Noonan note involved in this action. Gallagher testified that the agreement provided that the Noonan note also should be surrendered by the bank. The cashier of the bank who negotiated the settlement testified that nothing was said about the Noonan note and that there was no agreement that this note should be returned.

Appellant concedes that Richard Gallagher and Celia Gallagher have discharged in full their obligations to the bank in accordance with the settlement, and are entitled to a return of their notes. He also concedes that under the evidence it became a question of fact for the jury to determine, whether the settlement between Gallagher and the bank included the Noonan note, and that if the verdict of the jury was based upon this ground alone it would be conclusive on the parties; but he contends that the written agreement hereinafter set forth was inadmissible; that there was no competent evidence tending to show that Noonan executed the note in suit for the accommodation of the bank and that consequently the trial court erred: (1) In admitting the written agreement in evidence; and (2) In instructing the jury upon the law relating to the liability of an accommodation maker.

In our opinion these contentions are not well founded.

The undisputed evidence shows that the Noonan note in suit was given in renewal of a former note. The plaintiff Noonan testified that the first note was executed and delivered by him to the Tappen State Bank in December, 1921; that this note was renewed from time to time and that the note in suit is the last renewal. He further testified that he at no time was indebted to the Tappen State Bank; that he never received anything whatsoever of value from the bank for the note; that prior to the execution of the note his only relations with the bank had been incident to transactions between the bank and Gallagher; that he had at times endorsed certain notes for Gallagher; that in December, 1921 the then cashier of the bank requested Noonan to execute a note for $1466.77 payable to Tappen State Bank; that he (Noonan) was unwilling to execute the note; that thereupon the then cashier executed and delivered to him (Noonan) the following written agreement:

"Dec. 28, 1921

"This is to certify that I, D. D. McKee, Cashier of the Tappen State Bank, enter into an agreement with John Noonan of Tappen, N. D. in consideration of John Noonan signing the note with Richard Gallagher for $1466.77 as long as the said John Noonan is willing to sign or renew said note when it shall become due from time to time that the said D. D. McKee will not ask the said John Noonan to make payment of said note.

"Tappen State Bank,
"(Signed) D. D. McKee, Cashier.

"Subscribed and sworn to before me this 28th day of December, A. D. 1921.

"(Signed) Ruth E. Nelson,
"(Seal)                                    "Notary Public,
"Kidder Co.
"Com. Expires Sept. 24–1927."

Noonan further testified that he executed and delivered the note referred to in the written agreement and that he executed all renewals, including the note in suit, in reliance upon the terms of the agreement; that he was at no time indebted to the bank in any sum; that he at no time received anything of value from it; and that he at no time made any payment of interest or principal on any of the various notes that were renewed.

It seems to be the claim of the appellant that the written agreement was inadmissible on the ground that the plaintiff Noonan would be estopped as against the receiver, to question the validity of the note or to assert that he had received no consideration therefor, but had executed and delivered it merely as an accommodation to the bank. The ground urged does not go to the admissibility of the writing in evidence but rather to the question of its weight and sufficiency to establish a fact in issue. The fact that the evidence as a whole might show Noonan to be estopped to assert a certain defense would not affect the admissibility of competent evidence tending to establish such defense. The admissibility of evidence is one thing; its legal sufficiency to establish a certain fact in issue is quite another. The question of admissibility is to be determined when evidence is offered. The ques-

tion of its legal sufficiency to establish a certain fact can be determined only after all the evidence has been received. No valid reason has been pointed out why the written agreement was not admissible in evidence in this case. This is not a case wherein it is sought to establish that there was a contemporaneous oral agreement at variance with or contradicting some of the essential terms of a promissory note. In this case it is asserted as a defense that the note was executed by the maker without consideration, and solely for the accommodation of the payee. Coupled with, and as a part of, this defense it is asserted that contemporaneous with the execution and delivery of the note the payee therein executed and delivered to the maker a written agreement to the effect that the maker should not be required to pay the note. Evidence was adduced tending to show that the maker received no consideration for the note and that he executed it for the accommodation of the payee. Evidence was further adduced tending to show that simultaneously with the execution and delivery of the note, and as a part of the same transaction, the payee executed and delivered to the maker a written agreement to the effect that the maker would not be required to pay the note. According to the testimony the execution and delivery of this written agreement and the execution and delivery of the promissory note were parts of one transaction; and such agreement merely evidenced in writing the rights and obligations which the law implied from the relationship existing between the maker of an accommodation note and the payee therein. For "the party for whose benefit accommodation paper has been made acquires no rights against the accommodation party who may set up the want of consideration as a defense to an action by the accommodated party, since as between them there is no consideration, a fact which is always a defense to a suit on negotiable paper between the immediate parties. He is not liable to the party accommodated, although he also signed for the accommodation of another party. . . ." 8 C. J. 259, 260. Comp. Laws 1913, § 6914 (Neg. Inst. Law, § 29); 5 Uniform Laws Annotated, pp. 170–173; 5 Wigmore, Ev. 2d ed. § 2444, p. 339; First State Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044; Anamoose Nat. Bank v. Dockter, 56 N. D. 33, 216 N. W. 206.

The sufficiency of the evidence as regards estoppel is not before us.

While error is assigned upon the denial of a motion for a directed verdict, this assignment has not been argued and, hence, must be deemed waived. There was no specification in the motion for a new trial pointing out wherein the evidence is insufficient, nor was there any specification of facts claimed to have been conclusively established. Comp. Laws 1913, § 7656; Baird v. First Nat. Bank, ante, 286, 234 N. W. 71. In the motion for a directed verdict there was not even a suggestion that the evidence in the case established estoppel on the part of Noonan as a matter of law; or that the evidence was of such character as to establish, as a matter of law, that Noonan had not executed and delivered the note for the accommodation of the bank.

Appellant seeks to raise the question of the sufficiency of the evidence by exceptions to the court's instructions to the jury. He argues that there was no evidence from which the jury could find that the note in suit was executed and delivered by Noonan to Tappen State Bank without consideration and as an accommodation for the bank, and that consequently it was error for the court to give any instructions upon the subject of the liability of an accommodation maker. It is not claimed that the instructions given were inaccurate; but it is said that they submitted to the jury an issue of fact upon which there was no evidence. Whether the question of sufficiency of the evidence may be raised in this manner we do not determine. Leaving on one side all question as to whether the appellant may thus raise the question of alleged insufficiency of the evidence, we are wholly agreed that if it can be so raised it will avail appellant nothing, for in this case there was ample evidence to justify the court in submitting to the jury the question whether Noonan executed the note as an accommodation to Tappen State Bank. There is the positive testimony of Noonan that he never received any consideration for the note. The cashier of the bank who executed the written agreement hereinbefore set forth, died before the bank closed and before this controversy arose. His brother, who acted as assistant cashier during the time most of the transactions were had, and who was the cashier of the bank at the time it closed, testified that he did not know of any consideration given to Noonan. While the books of the bank were not introduced in evidence, the evidence indicates that the Noonan notes were not held as collateral to the Gallagher obligations, but that the bank entered the Noonan note, as

well as the Gallagher notes, upon its bills receivable ledger as assets of the bank. In short, the only deduction reasonably to be drawn from the evidence is that the bank used the Noonan note, as well as the Gallagher notes, as assets; that is, as obligations owing directly to the bank by the makers and not as collateral, one for the other. The Noonan note was not used in connection with the Gallagher notes but was diverted from its purpose and, in violation of the agreement under which it was executed (Grisim v. Live Stock State Bank, 167 Minn. 93, 208 N. W. 805; Benjamin v. Rogers, 126 N. Y. 60, 26 N. E. 970; United States Nat. Bank v. Ewing, 131 N. Y. 506, 27 Am. St. Rep. 615, 30 N. E. 501), was used by the bank as part of its assets and for the purpose of increasing its apparent assets.

This is not a case where a party executes a note for the purpose of having the same appear as an asset to the bank and thereby increase the apparent assets to the extent of the amount of the note with intent to deceive the examiner or other persons doing business with the bank. The note in suit was not executed for the purpose of increasing the assets of the bank. It was executed with the understanding that it was merely to be held with the Gallagher indebtedness. Apparently the plaintiff Noonan supposed at all times that his notes were kept with the Gallagher notes,—that is, that his notes would appear merely as security for the Gallagher notes and not as an independent and separate obligation to the bank.

The purposes for which Noonan gave his note to Tappen State Bank have been accomplished. The indebtedness of Gallagher has been discharged in full.

It follows from what has been said that the judgment and order appealed from must be affirmed. It is so ordered.

Birdzell, Nuessle, Burr, and Burke, JJ., concur.