[File No. 6162.]

MARIE CLAUSEN, as Administratrix of the Estate of Otto Clausen, Deceased, Appellant, v. ROSE E. MILLER, Respondent.

(249 N. W. 791.)

Opinion filed July 17, 1933.   Rehearing denied August 15, 1933.

*M. W. Duffy* and *Hanchett, Sproul & Sad,* for appellant.
*Lemke & Weaver,* for respondent.

BURR, J.   This is an action by an administratrix to recover the double damages, authorized by § 8709 of the Compiled Laws, from one who is alleged to have embezzled, concealed or alienated the property of a decedent.   At the close of the case the defendant moved to dismiss for failure to prove conversion, which motion was denied.   The jury returned a verdict for the plaintiff in the sum of $4,000.00 and judgment was entered thereon.   Defendant moved for judgment notwithstanding the verdict or for a new trial, and the trial court granted a new trial.   From this order granting a new trial the plaintiff appeals.

There are two issues argued by appellant:   1st, the trial court had no jurisdiction to grant a new trial at the time it did, the motion not having been submitted within the statutory period; and 2nd, a new trial is not justified upon any of the grounds set forth by the defendant in her motion.

The judgment was entered on December 19, 1931.   The motion for judgment notwithstanding the verdict or for a new trial is dated April 9, 1932 and came on for hearing on April 19, 1932 but was continued by consent.

In November 1932 counsel for appellant served written motion "for an order denying the motion of defendant for judgment notwithstand-

ing the verdict or for a new trial." In the affidavit supporting the motion it is stated: "hearing was held on defendant's motion for judgment notwithstanding the verdict or for a new trial, on April 19, 1932; that decision was reserved at that time upon defendant's request to enable her to secure a copy of the transcript and to submit an additional brief; that such transcript was not secured until August 19, 1932, nearly three months after time for submitting such motion had expired, and the additional brief has not yet been served or filed."

The order granting a new trial states that at the hearing "it was found that a transcript of the evidence was needed, and time was given to secure a transcript and it was agreed by and between counsel for both parties and the court that a reargument be had at a later date, and the matter was reargued before the above entitled court on December 12, 1932."

It is clear from the order granting the new trial that the case was presented to the court within the time required by law, though no decision was rendered at that time, and the hearing, by the agreement of the parties, was continued to "a later date." At this "later date," the matter was reargued and a decision rendered.

As stated in Gohl v. Bechtold, 37 N. D. 141, 146, 163 N. W. 725, "If the motion is made within that time and continued by the consent of the parties or by action of the court until a later date then the final character of the judgment is suspended." See also Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707; Bovey-Shute Lumber Co. v. Donahue, 43 N. D. 247, 251, 175 N. W. 205. The trial court had jurisdiction to enter the order granting the new trial.

Appellant says the court was not justified in making the order upon any of the grounds specified by the defendant in her motion.

In moving for a new trial defendant set forth various grounds, including: insufficiency of the evidence to justify the verdict.

According to testimony most favorable to appellant the maximum valuation of the property demanded is less than $2,450.00. The court charged the jury that plaintiff made claim for double the value of the property, but to secure this she was required to prove the defendant embezzled, concealed or alienated the property. Apparently the jury found a valuation of $2,000.00 and allowed double damages.

The specification of insufficiency of the evidence does not set forth

wherein the evidence is insufficient and appellant says that under the authority of Feil v. Northwest German Farmers Mut. Ins. Co. 28 N. D. 355, 149 N. W. 358; Lofthouse v. Galesburg State Bank, 49 N. D. 96, 190 N. W. 177; Baird v. First Nat. Bank, 60 N. D. 286, 234 N. W. 71; First Nat. Bank v. Bremseth, 60 N. D. 401, 234 N. W. 758; Gallagher v. Tappen State Bank, 60 N. D. 558, 235 N. W. 640, this specification cannot be considered.

The requirement of § 7656 of the Comp. Laws that that specification of the insufficiency of the evidence must set forth wherein the evidence is insufficient, is for the benefit of the court required to pass upon it, and to apprise the opposing counsel of the objections, and may be waived. There is nothing to show what objections, if any, the opposing counsel made in the trial court. The trial court would have been justified in refusing to examine the evidence, for § 7656 of the Compiled Laws makes the pointing out wherein the evidence is insufficient a requirement in a motion for a new trial. But there is nothing to prevent the court examining the evidence to determine whether the verdict is in accordance therewith; and this court has done so at times. See Updegraff v. Tucker, 24 N. D. 171, 139 N. W. 366.

The trial court was satisfied with the specification as made, because the memorandum opinion accompanying the order granting a new trial shows the court considered the evidence in regard to a demand for lien charges, unlawful taking and appropriation by defendant, the evidence entitling the plaintiff to double damages and the excessiveness of the verdict as well as the effect of the testimony regarding the life insurance. The court says "In any event, the nature, condition and character of the whole evidence is such that a new trial ought to be granted." In addition the trial court was of the opinion that because the life insurance policies amounted to $4,000.00 and had been assigned to the defendant the "jury concluded Mrs. Miller ought to pay for the personal property the amount of the life insurance." The one asking for the new trial is the one required to point out wherein the evidence is not sufficient but the one appealing from an order granting a new trial on that ground furnishes the transcript and shows this court wherein the evidence is sufficient to sustain the verdict. Compliance with this requirement of § 7656 was waived by respondent.

The defendant came into possession of the property lawfully. She

found it on her hands and had to take care of it. Most of this property, together with property of her own, was mortgaged to secure the payment of a joint debt of the decedent and the defendant and the latter had the right—in fact it was her duty—to look after the property, and preserve it.

Under our statute the defendant became an involuntary depositary. Section 6009 of the Compiled Laws says;

"An involuntary deposit is made:

"1. By the accidental leaving or placing of personal property in the possession of any person without negligence on the part of its owner; or,

"2. In cases of fire, shipwreck, inundation, insurrection, riot or like extraordinary emergencies by the owner of personal property committing it out of necessity to the care of any person."

The record shows conclusively that the decedent was on the farm of the defendant upon an agreement to purchase the farm; that on to this farm he moved the property involved in this lawsuit and while on the farm he died. The defendant had stock and other personal property upon the farm and this was being used by the decedent in his operation of the farm. The defendant still resided on the farm and upon the death of the decedent found her property and his property on her hands. Certainly this, so far as the defendant is concerned, was an "accidental leaving or placing of personal property" in her possession without negligence on the part of the owner. As said in Walker v. Norfolk & W. R. Co. 67 W. Va. 273, 67 S. E. 722, an involuntary deposit arises "whenever the goods of one person have by an unavoidable casualty or accident been lodged upon another's land." This "unavoidable casualty" need not be confined to freshet or results of a storm. The principle can well be extended to unsought possession because of death. In Preston v. Neale, 12 Gray, 222, where a tenant quitted premises leaving property thereon, which property the landlord was obliged to remove "from one place to another until the time of bringing this action," the court said "we are of opinion that the law as applied to cases of deposits by the finding of goods lost on land, and deposits of property made by the force of winds or floods—is to be applied to this case." This holds good in the case at bar. Certainly the defendant came into possession lawfully. Section 6010 makes it the duty

of an involuntary depositary to take charge of the property if able to do so and in such case "must deliver the thing to the person for whose benefit it was deposited on demand,' whether the deposit was for a specific time or not, unless he has a lien upon the thing deposited, or has been forbidden or prevented from doing so—by the act of the law—." Section 6013. She could not deliver to any but the representatives of the decedent. Until an administrator was appointed there was no person to whom the defendant could deliver the property. It is true, it appears in this case that the plaintiff or widow of the decedent is not only the administratrix but one of the heirs; but it is as administratrix she was entitled to possession of the property. By the terms of § 6014 "a depositary is not bound to deliver a thing deposited without demand even when the deposit is made for a specified time." The evidence shows conclusively plaintiff made no demand for the property after she was appointed administratrix, even if she did before, and as to this the evidence is very vague.

We may also state that the record is practically devoid of any sufficient foundation for double damages, except possibly in two insignificant instances.

There is no proof whatever that the defendant embezzled, concealed or alienated any personal property belonging to the decedent, except two calves already mortgaged which she traded for other live stock and some fence wire, after getting permission from the mortgagee. Before the administratrix may recover from the defendant "double the value of such property" she must prove the defendant embezzled, concealed or alienated such property. The property was mortgaged for more than it was worth—judging by the valuations shown here, and the amount received at the foreclosure sale, for the mortgage was foreclosed in November 1931—but as to these two calves there may be warrant for the charge that she "embezzled" them.

We need not consider the remaining points urged as grounds for a new trial. Clearly the evidence does not justify the verdict rendered and the trial court was justified in granting the motion. The order appealed from is affirmed.

Nuessle, Ch. J., and Christianson, Birdzell, and Burke, JJ., concur.

784

Burr, J. (On petition for rehearing.) In a petition for rehearing appellant says the court is in error in stating that the respondent in the lower court—the appellant here—waived compliance with the requirement that specification of the insufficiency of the evidence must set forth the particulars wherein the evidence is said to be insufficient.

There is nothing in the statement of the case showing any objection by appellant. The statute prescribes how the statement of the case is made and what constitutes this statement. It is the appellant's duty to see that the statement of the case is made up as required by the statute, and she has the burden of preparing and presenting a record showing error affirmatively. Erickson v. Wiper, 33 N. D. 193, 222, 157 N. W. 592, 602. This court cannot be expected to consider anything except what is contained in the statement of the case. Plaintiff says she did object, and in an order signed by the trial judge and attached to one of the copies of the transcript—and thus outside of the statement of the case—is the statement that at the hearings on the motion for a new trial plaintiff objected to the insufficiency of the specification. According to this, then, the appellant did not waive compliance. But the statement of the case is not made up from orders annexed to and tucked away in copies of records, and we determine the appeal upon the statement itself, which shows no objection.

But this does not avail the appellant here. If the defendant were the appellant and here presented the insufficiency of the evidence as grounds for a new trial without specifying the particulars wherein the evidence is insufficient, this court, following the numerous cases cited by plaintiff, might refuse to consider such specification. But the trial court did not refuse to do so. The court is not required to sift out reasons and specifications; but if the trial court does do so there is nothing to prevent it.

Appellant cites the case of Updegraff v. Tucker, 24 N. D. 171, 139 N. W. 366; Feil v. Northwest German Farmers Mut. Ins. Co. 28 N. D. 355, 149 N. W. 358; Lofthouse v. Galesburg State Bank, 49 N. D. 96, 190 N. W. 177; Baird v. First Nat. Bank, 60 N. D. 286, 234 N. W. 71; First Nat. Bank v. Bremseth, 60 N. D. 401, 234 N. W. 758; Gallagher v. Tappen State Bank, 60 N. D. 558, 235 N. W. 640, as authority for his contention. All these are cases where the insufficiency of the evidence to justify the verdict was among the specifications and

where such specification failed to set forth the particulars wherein the evidence was said to be insufficient, but where the lower court and this court refused to examine the evidence because the specifications did not comply with the requirements of the statute.

This court has ruled repeatedly that "The granting or refusing a new trial on the ground of the sufficiency of the evidence is a matter which rests in the sound judicial discretion of the trial court, and its decision will not be disturbed in the absence of a showing of abuse thereof." Crane-Johnson Co. v. Prairie Fibre Co. 62 N. D. 51, 241 N. W. 593, and cases cited therein. This discretion is fundamental in the court. The statutory rules for proper and orderly presentation are enacted in aid of the court. If the court, without the aid of such rules, does examine the evidence, its discretionary power is not exercised improperly because the court assumes the burden of sifting the record. Neither the trial court nor this court need assume the burden of sifting the evidence; but if the trial court does do so, there is no reason shown why this court should condemn that act and set aside the judgment of the court. It must be remembered that it is the respondent in the lower court who is the appellant here.

The petition says there is nothing in the evidence to show that the mortgage, given by the decedent, was given as security for a joint debt of the decedent and defendant. It is sufficient to remark that the decedent was one of the makers of the note secured by the mortgage—he was not a mere indorser or guarantor.

The other points specified in the petition have been fully covered in the main opinion. The petition for rehearing is denied.

NUESSLE, Ch. J., and CHRISTIANSON, BIRDZELL and BURKE, JJ., concur.